Genevieve Lucchesi, Plaintiff, v. Adolph A. Lucchesi, Defendant.
George A. Lucchesi and Emelia Lucchesi, Appellees, v. Genevieve Lucchesi, Appellant.

Gen. No. 43,934.

Opinion filed February 20, 1947.   Released for publication March 28, 1947.

COBURN & COBURN, of Chicago, for appellant; ARCHIE T. COBURN and LOUIS T. HERZON, both of Chicago, of counsel.

No appearance for appellees.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Respondent, Genevieve Lucchesi, commenced divorce proceedings in the Circuit court of Cook county against her husband, Adolph A. Lucchesi, and on December 28, 1942, a final decree of divorce was entered in her favor in which she was awarded the care, custody and education of the minor child, Anna Mae Lucchesi.  The decree also provided that the husband be given the right to visit the child at all reasonable times, more specifically, on each Sunday between the hours of 1 to 7 p. m., and that he pay respondent $7.50 per week for the maintenance and support of the child.  On May 13, 1946, George Lucchesi and Emelia Lucchesi filed a verified petition in the divorce proceedings, which alleged, in substance, that they were the parents of respondent's husband, who was the father of the minor child, and that he was killed in action, in France, on November 21, 1944, while a member of the armed

forces of the United States of America; that in the lifetime of their son the said child visited them, but that since the death of their son respondent has not permitted the child to visit them at any time; that petitioners "qualified as executors of the estate of the said Adolph A. Lucchesi in the Probate Court of Cook County and are now acting as such, and also as trustees and under and by virtue of the terms of the Last Will and Testament of the said Adolph A. Lucchesi, your petitioners have possession of said fund from which they are required to pay for the benefit of the said minor child the sum of $10.00 per month and more, but not to exceed an additional $10.00 per month if in their discretion it is necessary for the maintenance of said child; your petitioners further represent that they have delivered all funds due under the terms of said Will and said Trust to the plaintiff, Genevieve Lucchesi but have been denied reasonable rights of visitation by the said Genevieve Lucchesi and have not had the said child Anna Mae Lucchesi with them at any time, since prior to the death of the defendant, Adolph A. Lucchesi. . . . that they stand in loco parentis to the said child Anna Mae Lucchesi now approximately eight years old, *and desire the privilege of spending some time with said child not to interfere, however, with the usual customs, practices and habits of the said child. Wherefore your petitioners pray that an order may be entered herein giving and granting your petitioners specified hours on specified days when they shall have the right to visit the said minor child of the parties to this litigation . . . ."* (Italics ours.) Respondent filed a motion to strike the petition, in which she alleged that the claim of petitioners that they stand "in loco parentis" to the child is erroneous as a question of fact as well as a question of law, and she sets up that part of the decree of divorce in which she was awarded the care, custody and education of the child. The motion to strike was de-

nied, and respondent was ordered to file an answer to the petition. She filed an answer in which she asserts her right to the care, custody and maintenance of the child under the decree of divorce, and asserts that it is for the best interests of the child that the care, etc., of the child be retained by respondent; denies that petitioners stand in loco parentis; asserts that she is the natural mother of the child and legally is entitled to the care, custody and education of the child to the exclusion of every other person including petitioners. After a hearing, in which the facts were stipulated, the chancellor entered a decretal order in which he found:

". . . that it is to the best interests of said minor child that the intervenors, George L. Lucchesi and Emelia Lucchesi be allowed to spend some time with the said minor child;

"Wherefore It Is Ordered, Adjudged and Decreed,

"(1) That the intervenors, George Lucchesi and Emelia Lucchesi be permitted to take the said minor child, Anna Mae Lucchesi, on the first Sunday of each month beginning July, 1946, from the hours of 10:00 a. m. until approximately 1:00 p. m. for the purpose of attending church services and that on said first Sunday of each month the said George Lucchesi and Emelia Lucchesi shall return the said minor child to the plaintiff, Genevieve Lucchesi, in time for her mid-day meal and immediately after the church services;

"(2) That the said intervenors, George Lucchesi and Emelia Lucchesi, be permitted to take the said minor child, Anna Mae Lucchesi from the home of the plaintiff, Genevieve Lucchesi, on the third Sunday of each and every month beginning July, 1946, from the hours of 2:00 p. m. until 6:00 p. m. and that while the said child is with the said intervening petitioners they may take the child to a public park or theatre or other place of amusement which may cater to minors, but not to their home or place of business, or elsewhere.

"(3) That the intervenors be enjoined from giving the said minor child, Anna Mae Lucchesi, more than fifty cents in money at any one time or on any one visiting day.

"(4) That said intervenors be permitted to deliver to said minor child, such gifts as toys or other children's articles but that any articles of clothing or other gifts in money or otherwise be delivered to the plaintiff, Genevieve Lucchesi, for the benefit of said minor child, Anna Mae Lucchesi."

Respondent appeals from that order. Petitioners have not filed a brief nor an appearance in this court. Respondent contends that under the law and the admitted facts she has the right to the sole custody of the child and that the action of the trial court in ordering that petitioners have the right to the custody of the child for a certain period of time on the first Sunday of each month and on the third Sunday of each month was a material abridgment of her right. This contention is a meritorious one. (See *Kulan v. Anderson,* 300 Ill. App. 267.) In that case the mother of the child was dead and the father of the child, conceded to be a fit and proper person to have the custody of the child, contended that the trial court had no right to order that an aunt of the child have the custody of the child from 10 o'clock Saturday morning until 7 o'clock Sunday evening on alternate week-ends. After a consideration of all of the Illinois cases bearing upon the question before us, we held (p. 277):

"In our opinion, the father, under the law of this State and the admitted facts, had the right to the sole custody of the child, and the action of the trial court in ordering that the aunt have the custody of the child for a certain period of time on alternate week-ends was a material abridgment of that right. The rule that a parent has the right to the custody of his child against all the world, unless he has forfeited that right, was born of the natural desire of mankind to

create and maintain a home; and, as has been often said, the home is the foundation of society and civilization. Deprive worthy parents of their natural right to the custody of their children, where they have not forfeited that right, and you undermine the home.''

██ We adhere to our ruling in the *Kulan* case, but this appeal presents a different question for our consideration. It will be noted that petitioners merely prayed for ''the right to visit the said minor child of the parties to this litigation Anna Mae Lucchesi,'' and that they state in their petition they ''desire the privilege of spending some time with said child not to interfere, however, with the usual customs, practices and habits of the said child.'' The chancellor, in his order, permitted petitioners to take the child from the home of respondent and to have the custody and control of her for certain hours on Sundays, and respondent is justified in contending that this materially abridged her right to the custody of the child. However, it seems to us, in view of the particular facts of the instant case, that justice and humanity demand that some differentiation be made between the right of custody and the privilege of visitation. Here the dead soldier, under his last will and testament, made his parents the trustees of a fund out of which they pay to respondent $10 per month for the use and benefit of the child and respondent has accepted these payments from petitioners, and the latter are given the discretion, under the trust, to pay respondent an additional $10 per month for the benefit of the child if they deem that additional amount necessary for her maintenance. That the grandparents, under all of the circumstances shown in this record, should be denied any opportunity to visit the child at the home of respondent, the latter retaining the custody of the child, shocks our sense of justice. It is only fair to respondent to say that the record does not affirmatively show that she would seriously oppose an order that merely

grants the grandparents an opportunity to visit the child in the home of respondent and under reasonable restrictions. A decent regard for the wishes of the dead, for the natural feelings of petitioners, and for the right of the child to meet and know her grandparents, should cause respondent to voluntarily perform her plain duty in this matter without the pressure of a court order. After giving serious consideration to the question before us we have reached the conclusion that an order allowing petitioners an opportunity to visit the child at the home of respondent at reasonable times and under proper restrictions would not materially abridge the right of respondent to the custody of the child.

For the reasons stated the decretal order of the Circuit court of Cook county entered June 27, 1946, is reversed, and the cause is remanded with directions that an order be entered granting petitioners the right to visit the child at the home of respondent at reasonable times and under proper restrictions.

*Decretal order entered June 27, 1946, reversed, and cause remanded with directions.*

SULLIVAN, P. J., and FRIEND, J., concur.