Everett Bush, Plaintiff, v. Avis Eileen Bush, Defendant.
Michael H. Semelka and Ruth Semelka, Appellees, v. Everett Bush, Appellant.

**Gen. No. 9,712.**

filed November 2, 1950. Released for publication November 28, 1950.

REDMON, SMITH & HULL, of Decatur, for appellant; A. LEWIS HULL, of Decatur, of counsel.

WEILEPP & WILSON, of Decatur, for appellees; JOHN W. DYAR, of Decatur, of counsel.

MR. JUSTICE WHEAT delivered the opinion of the court.

This is an appeal from an order of the circuit court of Macon county, modifying a divorce decree in its relation to Sandra Joy Bush, minor child of the divorced couple.

It appears that on March 15, 1944, Everett Bush obtained a divorce from his wife, Avis Eileen Bush. The couple had a minor daughter who was born September 2, 1942. The plaintiff was then in the armed forces and the temporary custody of the child was given to the maternal grandparents, Michael H. Semelka and Ruth Semelka. They had custody of the child until June 18, 1946, receiving an allotment for the child's support. Upon separation from the armed forces, the father filed his petition May 25, 1946, praying that the custody of the child be awarded to him, which was followed by the order of June 18, 1946, granting such prayer and providing the right of reasonable visitation in the maternal grandparents. By agreement of the parties the child was in the custody

of such grandparents on alternate weekends from Friday evenings until Sunday afternoon. On or about October 28, 1949, the father refused to allow the grandparents to take the child to their home, leading to the filing of a petition in court by the grandparents asking that the term "reasonable visitation" be defined. The father filed a counter-petition asking that the grandparents be enjoined from molesting the child and from interfering with the usual habits, customs and practices of the child, and asking that the privilege of reasonable visitation as theretofore granted, be revoked. Upon hearing the court entered an order that the maternal grandparents have the custody of the child for a visitation period on alternate weekends starting Friday, December 30, 1949, at 5 p. m., and concluding Sunday, January 1, 1950 at 6 p. m., and each alternate weekend thereafter for a like period of time until the further order of the court. It is from this order that the father appeals.

██ No question as to the unfitness of the father or maternal grandparents is in question. The mother is a nonresident and apparently disinterested. The law is well settled that a parent is entitled to the exclusive care and custody of his own child unless he has forfeited that right by some act of his own or unless he is deemed a person unfit to have the care and custody of the child. (*People v. Sheehan,* 373 Ill. 79.) This court must follow such view of the law and hold that the father is entitled to the exclusive custody of the child. The cause is reversed and remanded with directions to enter an order consistent with this opinion, granting exclusive custody of the child to the father, and denying the right of visitation to the grandparents.

*Reversed and remanded with directions.*