LINDA LOUISE BOYLES, Plaintiff, *v.* DENNIS ALLEN BOYLES, Defendant—
(JOHN ASHCRAFT *et al.,* Intervenors-Petitioners-Appellants, *v.* DENNIS
ALLEN BOYLES, Defendant-Appellee.)

(No. 73-56;

Third District—October 4, 1973.

Paul Perona, Jr., of Spring Valley, for appellants.

Robert L. Speers, of Aurora, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal by intervenors-petitioners-appellants, John and Josephine Ashcraft, from an order of the Circuit Court of La Salle County striking a petition to hold defendant-appellee, Dennis Allen Boyles in contempt and dismissing a rule to show cause why he should not be held in contempt.

Pursuant to a divorce decree entered January 22, 1969, custody of the minor child of Dennis Allen Boyles and Linda Boyles was awarded to the mother, Linda Boyles. In March, 1971, following the death of Linda Boyles, the child's maternal grandparents, appellants in this case, petitioned the court as intervenors seeking custody of their grandchild, and as an alternative, visitation rights were requested. Following a hearing held on the petition, the court found defendant, Boyles, who was residing in Colorado at the time, a fit and proper person to have custody of the child and held it in the best interest of the child to award custody to the father. Further, the court found the petitioners fit and proper to care for the child and allowed them visitation rights with the child for a two week period during each summer at the petitioners' residence with all expenses paid by petitioners and provided for visitation at other reasonable times. The visitation provisions in the order were with the consent of the defendant.

In September 1972, following an alleged denial by defendant to recognize the visitation rights, petitioners filed a petition praying that the court issue a rule requiring defendant to show cause why he should not be held in contempt of court and punished for failure to comply with the order allowing visitation. The court entered an order for rule to show cause, and thereafter, defendant filed a motion to strike the petition on grounds that the petition did not legally state a basis on which a rule to show cause could be issued and also on grounds petitioners have no absolute legal right to visitation. A hearing was held followed by an order entered by the court striking the petition and dismissing the rule to show cause. An opinion filed by the trial court indicated if defendant filed a petition requesting a revocation of petitioners' visitation rights, such relief would be granted, basing this decision on *Bush v. Bush*, 342 Ill.App. 86, 95 N.E.2d 121. The court concluded that therefore, a hearing on the rule to show cause would be futile and entered an order to dismiss the rule to show cause.

Petitioners contend because the minor child's mother, their daughter, is deceased, they as maternal grandparents should have a right to visit with their grandchild. Also, they argue that since the previous order of the court allowed visitation at which time defendant stipulated to certain visitation rights, defendant should be bound by the court order.

In answer to these contentions, defendant argues the rule is grandparents do not have visitation rights when custody has been granted to one of the parents.

■■ It is our opinion the trial court erred in basing its decision on a rule which says grandparents are not entitled to visitation rights as a matter of law. While it is true that a natural parent is entitled to exclusive care and custody of his child (*Bush v. Bush*, 342 Ill.App. 86, 95 N.E.2d 121; *People ex rel. Whalen v. Sheehan*, 373 Ill. 79, 25 N.E.2d 502), we believe if circumstances warrant visitation, grandparents may be granted a right to visit their grandchild. (See *Lucchesi v. Lucchesi*, 330 Ill.App. 506, 71 N.E.2d 920.) Recent decisions in the Illinois courts indicate that all matters concerning custody and also those concerning visitation rights must be governed by what is in the best interest of the child. (*People ex rel. Edwards v. Livingston*, 42 Ill.2d 201, 247 N.E.2d 417, and *Keefer v. Keefer*, 107 Ill.App.2d 74, 245 N.E.2d 784.) Prior to the circuit court's entry of the order allowing visitation rights to petitioners, evidence was presented as to what was in the best interest of this child who had just lost his mother and who was close to his maternal grandparents whom he had visited every day prior to his mother's death. We believe where a parent has died, the continuation of the relationship between child and grandparents, which may be promoted by visitation, may be a positive benefit affecting the best interest of the child. Even the defendant seemed to have shared this view at the time the decree was entered.

■■ It is well settled that matters of child custody and visitation rest in the court's discretion. (*Rodely v. Rodely*, 28 Ill.2d 347, 192 N.E.2d 347.) Contrary to the defendant's claim, we believe the granting of visitation rights to the maternal grandparents in the prior decree is neither void nor even erroneous. Consequently, the defendant is not free to disregard the provision of a valid decree. As in other cases, the court may modify visitation rights if, due to a change in circumstances, it appears reasonable and proper to do so and if the best interests of the child make it advisable. *Smith v. Smith*, 36 Ill.App.2d 55, 183 N.E.2d 559.

For the foregoing reasons, the judgment is reversed and the cause remanded to the Circuit Court of La Salle County for further proceedings consistent with this opinion.

Judgment reversed and remanded.

ALLOY, P. J., and SCOTT, J., concur.