CAROL ANNE CHODZKO, Plaintiff-Respondent-Appellant, *v.* THADDEUS L. CHODZKO, Defendant—(JOHN C. SETECKA, Intervening Petitioner-Appellee).

First District (4th Division) No. 60059

Opinion filed December 17, 1975.—Rehearing denied January 26, 1976.

---

BURMAN, J., dissenting.

, Louis Jaffe and Haas & Dienstag, both of Chicago (Adolph L. Haas, and Gary E. Dienstag, of counsel), for appellant.

Branko M. Steiner, of Chicago, for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

A decree of divorce was entered on June 22, 1965, in favor of the plaintiff-respondent-appellant herein, hereinafter referred to as respondent. The decree provided that the custody, education and control of the four minor children be awarded to the mother, the plaintiff-respondent..

The maternal grandfather, John C. Setecka, since the entry of the decree, had for more than six years visited with said grandchildren with plaintiff's consent on an average of once a week as well as on birthdays and other special occasions. He had taken them to various sporting events and on vacations each year and overnight automobile trips out of the city. On January 25, 1972, plaintiff advised the grandfather that he could no longer see the grandchildren without expressing any reason therefor.

On May 24, 1972, said John Setecka presented a petition to intervene, seeking an order on the respondent to permit him to visit with and take out said minor grandchildren without any interference with respondent's custodial right of said children. The respondent filed a motion seeking denial of leave to file said petition on the ground that petitioner had no legal standing to intervene and had not pleaded sufficient facts entitling him to the relief sought. The trial court, after a hearing, overruled the motion and allowed petitioner to intervene.

On June 27, 1972, respondent filed an answer alleging in substance that petitioner's visitations have been injurious to her and the children and have interfered with her raising the children and disturbed the tranquility of her home and asked that the petition be dismissed and that an injunction be issued restraining petitioner from "harassing, annoying or bothering respondent or her children or otherwise interfering with the tranquility of her home."

The father of the children advised the trial judge that he was desirous of having the children visit with their grandfather; that said visitations take place on a Sunday when the father had visitation rights; and that he would pick up the children at their mother's home, take them to the grandfather and return them to their mother at the agreed time in the evening.

On September 27, 1972, the following agreed order was entered by the trial court:

> "That parties shall continue to exercise the voluntary one Sunday per month visitation with petitioner as had been exercised since the last hearing, the same being exercised and allowed, without prejudice to parties' respective positions."

On December 6, 1972, the trial court entered the following order:

> "It is hereby ordered that the grandfather of the minor children be permitted until further order of the court to visit with said minor children one Sunday each month in the same manner as such visitation has existed since June 27, 1972, by the parties and without prejudice."

On July 30, 1973, respondent moved to vacate the court's said order of December 6, 1972, alleging that petitioner had sole custody of the minor children. This motion came up for hearing on November 16, 1973. The trial court denied the respondent's motion to vacate the order of December 6, 1972.

Plaintiff-appellant claims on appeal that the trial court erred in allowing petitioner to intervene and in granting him visitation rights in the absence of allegations in his petition and proof that respondent was an unfit parent and that other special circumstances exist warranting such relief.

We agree with the intervening petitioner that the law distinguishes between custody and visitation. The court has jurisdiction to determine visitation rights without a showing that a parent is unfit or that other special, extenuating circumstances exist. A parent has a paramount right to custody of minor children. The plaintiff-respondent-appellant in this appeal refers to section 132 of the Probate Act (Ill. Rev. Stat. 1971, ch. 3, par. 132). This section provides that "the court for good reason may award the custody and education of the minor to either parent, *or to some other person.*" (Emphasis added.) The Divorce Act (Ill. Rev. Stat. 1971, ch. 40, par. 19) provides:

> "The court may, on application, from time to time, terminate or make such alterations in the allowance of alimony and maintenance, *and the care,* education, custody and support of the children, as shall appear reasonable and proper." (Emphasis added.)

■■ The relief sought here is visitation privilege. There are decisions in Illinois in which a grandparent has been awarded actual custody of a minor. The remedy in these cases is far more drastic than the remedy requested and granted by the trial court in the case at bar. The Illinois Supreme Court in *Giacopelli v. Florence Crittenton Home,* 16 Ill.2d 556, 565, 158 N.E.2d 613, 618, where the child had been placed in the home of third parties, the Illinois Supreme Court denied custody to the parents of the child and stated:

> "It is always recognized that a natural parent has a superior right to the custody of his child. That right, however, is not absolute and must yield to the best interest of the child. Such superior right only obtains when it is in accord with the best interest of the child. * * * The parent need not be shown to be totally unfit to rear the child in order to deny him the custody of the child. Fitness of the parent is only one of the factors to be considered in determining how the best interest of the child may be served. * * *"

■■ In a very recent case of *Boyles v. Boyles,* 14 Ill.App.3d 602, the

grandparents were granted visitation privileges. The court recognized here the distinction between custody and visitation and held that both rest in the court's discretion. Said decision also recognized the inherent right of the court to modify visitation rights where it appears reasonable and proper and the child's best interest makes it advisable. The court held:

> "It is our opinion that the trial court erred in basing its decision on a rule which says grandparents are not entitled to visitation rights as a matter of law. While it is true that a natural parent is entitled to exclusive care and custody of his child [citations], we believe if circumstances warrant visitation, grandparents may be granted a right to visit their grandchild. (See *Lucchesi v. Lucchesi*, 330 Ill.App.506, 71 N.E.2d 920.) Recent decisions in the Illinois courts indicate that all matters concerning custody and also those concerning visitation rights must be governed by what is in the best interest of the child." 14 Ill.App.3d 602, 604.

In the *Lucchesi* case mentioned above, the court recognized the grandparental privilege of visitation by saying: "That the grandparents, under all of the circumstances shown in this record, should be denied any opportunity to visit the child at the home of respondent, the latter retaining the custody of the child, shocks our sense of justice."

In our study of the cases where grandparents' visitation rights were recognized we find that the grandparents were allowed more liberal visitation privileges than in the case at bar. Here the visitation was reduced from prior weekly visitation, which existed for some six years, to once a month and then during the time the children were with their father, so that not one single moment of their time with their mother was disturbed by the order.

■■ The Illinois cases relied upon by the respondent pertained to custody of children. The instant case deals solely with the privilege of visitation. The efforts of the grandfather in the instant case reveal a love and affection for the grandchildren without any interference with the custodial right of the mother. As a justification for cutting off the grandfather's visitation privilege, the mother alleges conclusions that the grandfather's visitations were injurious to her and the children and have interfered with her raising the children. Nowhere in the record is there any evidence of the grandfather's interference with the mother of the children or any act of the grandfather which would be detrimental to the mother.

■■ It is not necessary to show the mother in the instant case to be an unfit parent to allow the grandfather to visit the grandchildren. The mother also argues that "other special extenuating circumstances existed"

which justified her denial of the visitation privileges. We believe that the grandfather's efforts to visit the children actually is a special extenuating circumstance which can be beneficial to the children. The love and affection for the children by both the mother and grandfather is a fortunate circumstance benefiting the children.

■■ The plaintiff-respondent finally argues that the trial court erred in allowing visitation rights to the grandfather without conducting an evidentiary hearing requiring the petitioner grandfather to sustain his burden of proving the allegations contained in his petition. An issue of fact was created by the intervening petition and the reply. No further hearing was requested by respondent to vacate the agreed order. The trial judge, who had been a capable lawyer in the field of family law, repeatedly stated that he would hear proof on the pending issue if respondent wished it. The trial judge stated: "But we all have to look towards what is best for the children. And it is in that connection that I'll certainly allow you, if you want to, Mr. Haas [respondent's attorney] to put on evidence that would indicate that for the best interest of the children, there should be an abridgement or suspension or termination or modification of the grandfather's continuing visitation privileges with these youngsters. I'll be glad to set that at a time that's convenient."

Counsel for the respondent admitted in open court that the trial judge gave the parties a full hearing as to the best interests of the children.

The judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

JOHNSON, J., concurs.

Mr. JUSTICE BURMAN, dissenting:

I must respectfully dissent. In this cause a final decree of divorce had been granted to plaintiff-respondent, Carol Anne Chodzko, on June 22, 1965. The decree awarded plaintiff "the sole custody, education and control of their four (4) minor children * * *," subject to the father's right of visitation at reasonable times. Seven years later plaintiff's father filed an intervening petition seeking an order of visitation which plaintiff opposed. I believe that under the attendant circumstances the court erred in permitting the petition to be filed and awarding visitation rights to the grandfather. In my opinion such action was neither reasonable nor proper.

As the majority notes, the courts are concerned with and guided by the best interest of the child. This is not to say, however, that the matter of a child's welfare invites uncontrolled judicial intrusion. The law recognizes that a child's welfare presumptively is best left to the effec-

tive control and discretion of the parent who has the daily responsibility of rearing the child. I believe the law is clear that absent a showing of parental unfitness or other extenuating circumstances, the court is without authority to award visitation rights to a third party over the objection of the custodial parent. The cases cited in the majority opinion fully support this assertion.

In the case of *Giacopelli v. Florence Crittenton Home*, 16 Ill.2d 556, 158 N.E.2d 613, our Supreme Court recognized the natural parent's superior right to the custody of his child. The court held, however, that where a natural parent affirmatively abandons his child, he will be deemed to have forfeited all right, control and authority over said child by operation of statute. No contention is made in the case at bar that plaintiff has abandoned her children or otherwise forfeited her right to custody, and accordingly, *Giacopelli* presents an entirely different situation.

The majority also cites *Boyles v. Boyles*, 14 Ill.App.3d 602, 302 N.E.2d 199, for the proposition that the matter of third party visitation rights rests solely in the discretion of the court. In my opinion such a reading goes beyond intended bounds. In *Boyles* the natural mother had been awarded sole custody of her minor child pursuant to a decree of divorce. Shortly thereafter she died, and the maternal grandparents petitioned the court as intervenors seeking custody of the child or in the alternative visitation rights. After hearing evidence the court found the natural father, who resided in Colorado at the time, to be a fit and proper parent and awarded custody to him. The court also awarded visitation rights to the maternal grandparents who resided in Illinois. The visitation provision in the order was with the consent of the father. A year later the grandparents petitioned the court to issue a rule requiring the father to show cause why he should not be held in contempt for failure to comply with the order of visitation. The appellate court considered the best interest of the child in light of evidence that the child had just lost his mother, that he was close to his maternal grandparents, and that he had visited his maternal grandparents every day prior to his mother's death. The court held that under those special circumstances the father consequently was not free to disregard the provisions of a valid decree. No such special circumstances exist in the case at bar.

That the decision in *Boyles* is grounded on special circumstances is apparent from its reliance on *Lucchesi v. Lucchesi*, 330 Ill.App. 506, 71 N.E.2d 920, also cited by the majority. In *Lucchesi* the natural mother appealed from an order granting the paternal grandparents the right to take custody of her minor child for specified hours on alternate Sundays. She contended that as natural mother of the child, she had the sole right to custody, and that the order was a material abridgement on that right.

The appellate court stated, "This contention is a meritorious one" (330 Ill.App. 506, 511), citing *Kulan v. Anderson*, 300 Ill.App. 267, 20 N.E.2d 987. The court, however, did take note of the fact that the child's natural father recently had been killed in combat, and that under his last will and testament he created a trust for the benefit of the minor naming the grandparents as trustees. Under the terms of the trust the grandparents were required to pay the mother $10 per month for the use and benefit of the child. The grandparents further were given the power to pay an additional $10 per month if in their discretion they deemed that amount necessary for the maintenance of the child. The court held that "in view of the particular facts of the instant case," the grandparents should be permitted to visit the children in the home of the mother. The court further expressed its opinion that the mother of the child would not seriously oppose such an order.

In the case at bar no contention is made that plaintiff or the father are unfit parents. Moreover, the intervening petition makes no allegation of exceptional circumstances as would allow the court to substitute its discretion for that of plaintiff and award visitation rights to her own father. The petition merely alleges a regular pattern of past visits and the love and affection of a grandfather for his grandchildren. While such devotion and interest is commendable, it is legally insufficient to warrant judicial intrusion into a domestic matter of purely discretionary character.

Plaintiff has expressed her apprehension and her disapproval of granting visitation rights to her father. In her reply to the intervening petition she stated that such action would adversely affect her control and discipline of the children. She further enumerated several instances where petitioner had embarrassed her in the company of third parties, exploded in rage toward her for no logical reason, demanded that she not invite certain parties into her home, and otherwise disrupted the tranquility of her household. If these allegations be true, the decision of the majority will perpetuate an intolerable situation.

The child who has the love and affection of both his parents and grandparents is indeed fortunate. But, in my opinion, the original decree of divorce maintained family continuity to the degree possible by granting reasonable visitation rights to the natural father. The record discloses that the father has in fact taken custody of his children for several hours every Sunday, and generally, every Wednesday as well. It would be unduly optimistic to believe that the best interest of plaintiff's four children is served by awarding visitation rights to yet another party. The right to determine which third parties may share in the cus-

tody and influence of a child lies properly in the parent. It is the custodial parent who has the daily responsibility of rearing the child and who occupies the optimum position to make such determinations. The majority's observation that "not one single moment of their time with their mother was disturbed by the order" simply misses the point. The order disturbs a mother's attempt to rear her children as best she can and without interference by her own father.

In conclusion, one now must ask, where is the line to be drawn with respect to visitation rights of third parties? Is it limited to grandparents and other blood relatives? Or can any third party now intervene? Regardless of the answer, the decision of the majority is certain to have an unsettling effect on the orderly management of internal domestic matters, and I question whether such a result is in the best interest of the children.