(No. 48282.—

CAROL ANNE CHODZKO, Appellant, v. THADDEUS L. CHODZKO.—(John C. Setecka, Appellee.)

*Opinion filed Nov. 15, 1976.—Rehearing denied Jan. 28, 1977.*

DOOLEY and CLARK, JJ., dissenting upon denial of rehearing.

Louis Jaffe and Hass & Dienstag, Ltd., of Chicago (Adolph L. Haas, Gary E. Dienstag, of counsel), for appellant.

Branko M. Steiner, of Chicago, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County which allowed the maternal grandfather, John C. Setecka, to intervene in a divorce proceeding and granted him certain visitation rights with the minor children of the parties to the divorce proceeding. The appellate court affirmed with one justice dissenting. (35 Ill. App. 3d 357.) We granted leave to appeal.

On June 22, 1965, a decree for divorce was entered in favor of the plaintiff, Carol Anne Chodzko (hereafter referred to as the mother). By the decree she was "awarded the sole custody, education and control" of the four minor children. Although the divorce decree made no provision for the husband's right of visitation, it appears from the record that he exercised his right of visitation with the children two days each week. It also appears that following the divorce decree the maternal grandfather of the four children, with the consent of the mother and father, visited his grandchildren on an average of once a week for the next six years. In January 1972, however, the mother informed her father that she would no longer permit these visits.

On May 24, 1972, the grandfather (appellee in this case) filed a petition in the circuit court of Cook County to intervene in the divorce proceeding seeking an order that he be granted the right to visit his grandchildren. The mother of the children filed a motion to dismiss the petition, contending that the grandfather lacked standing to intervene in the divorce proceeding and also contending that the intervening petition failed to state a cause of action entitling him to the relief sought. The motion to dismiss was denied, and the grandfather was allowed to intervene. His petition alleged that "a deep and abiding

love" existed between himself and the children; that he had visited with them at regular intervals for a period of six years, had taken them to various sporting events, at various times had outfitted them with clothing, had remembered them with gifts and had taken them on vacations; that from time to time he had been generous with financial assistance to his daughter, had made tuition payments for private schooling for the children and had brought food to his daughter when he came to visit his grandchildren; that he in no way interfered with the parents in their rearing of the children and that the mother without cause told him he could no longer see his grandchildren.

Following a denial of the mother's motion to dismiss, pursuant to an order of the court she filed an answer to the petition to intervene in which she alleged the injurious nature of the grandfather's visits and their interference with her instruction and discipline of the children and prayed that the petition be dismissed. The trial judge held a private conference with the mother, following which proceedings were held in open court. In the course of these proceedings the father of the children advised the judge that he was desirous of having the children visit with their grandfather; that such visitations could take place on a Sunday when he, himself, had visitation rights; that he would pick the children up at their home, take them to their grandfather, and return them to their mother at an agreed hour. Although it does not appear in the record, the mother apparently assented on June 27, 1972, to permit the grandfather visitation on one Sunday each month temporarily. This conclusion is drawn from the contents of a later order entered on September 27, 1972, continuing in effect "the voluntary one Sunday per month visitation with petitioner as has been exercised since the last hearing."

On December 6, 1972, the court entered the following order:

"It is hereby ordered that the grandfather of the minor children be permitted until the further order of the court to visit with said minor children one Sunday each month in the same manner as such visitation has existed since June 27, 1972, as agreed by the parties and without prejudice."

The mother filed a motion to vacate the order of December 6, and the motion was denied.

The mother maintains that visitation privileges can be extended to grandparents only when it is shown that special circumstances beyond mere mutual affection exist to justify an order awarding such visitation. Since the grandfather's petition to intervene contained no allegation of such special circumstance and none is shown in the record, the mother contends that the trial court erred in granting visitation to the grandfather. We agree with the mother's contention.

Under the provisions of section 18 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 19), "[t]he court may, on application, from time to time, terminate or make such alterations in the allowance of alimony and maintenance, and the care, education, custody and support of the children, as shall appear reasonable and proper." Coupled with this continuing authority to modify or alter the decree provisions relating to custody is the broad discretion vested in the trial court to make alterations in the decree concerning visitation. However, the discretion that is vested in the court, whether it be to modify provisions of the decree concerning custody or to alter visitation rights, must be exercised for the best interests of the children involved, and the parents' natural rights must give way to the welfare and best interests of the children. (See *People ex rel. Edwards v. Livingston,* 42 Ill. 2d 201, 209; *Keefer v. Keefer,* 107 Ill. App. 2d 74, 78; *Boyles v. Boyles,* 14 Ill. App. 3d 602, 604.) Nevertheless, the cases recognize that a natural parent has a superior right to the custody of his child which will obtain when in accord with its best

interest. *Giacopelli v. Crittenton Home,* 16 Ill. 2d 556, 565.

In *People ex rel. Whalen v. Sheehan* 373 Ill. 79, this court held that the superior right of the natural father prevailed and that the trial court erred when it, in awarding the care and custody of the child to the father, also provided that the grandparents have a right of visitation from 11 a.m. to 3 p.m. each Sunday. This court held that the law in this State did not authorize awarding to the grandparents partial custody and visitation privileges.

We cannot conclude from the holding in *Sheehan,* however, that grandparents are precluded from all visitation rights by the superior right of a natural parent. Several appellate court decisions in this State have found that the best interests of the children were served by granting visitation privileges to grandparents in cases involving special circumstances.

In *Solomon v. Solomon,* 319 Ill. App. 618, the custody of a two-year-old son had been awarded to the mother in a divorce decree and the father had been granted visitation rights. Shortly thereafter the father was inducted into the armed forces and was stationed in Oregon. Since he could not easily arrange travel to Chicago he petitioned the court to allow his parents to visit with the child during his absence. The father's petition alleged that in his absence the only method of maintaining contact with his child was through his parents. It was held that granting the grandparents visitation privileges under such circumstances was proper.

In *Lucchesi v. Lucchesi,* 330 Ill. App. 506, the paternal grandparents petitioned the court for visitation rights with their grandchild after its father was killed in World War II. By the terms of the father's will the grandparents were made trustees of a fund out of which they were to pay a monthly allowance to the mother for

the care of the child. The grandparents were granted visitation rights at the home of the mother. The court took great care to limit this holding to the particular facts of the case and to avoid the creation of a general rule permitting visitation rights in grandparents. The court felt that the combination of the dual factors of the father's death and the trusteeship of the grandparents constituted a special circumstance justifying visitation.

In *Boyles v. Boyles,* 14 Ill. App. 3d 602, the mother of a child had been granted custody in a divorce decree. After her death the court awarded custody of the child to the father. The trial court denied the petition of the mother's parents for visitation rights. The appellate court held that it was error for the trial court to base its decision on a supposed rule that the grandparents must be denied such rights as a matter of law. The court based its decision on the special circumstances which appeared in the case: the child had just lost his mother and was extremely close to his grandparents by virtue of the fact that he had visited with them every day prior to the mother's death. The court summarized its holding as follows:

> "We believe where a parent has died, the continuation of the relationship between child and grandparents, which may be promoted by visitation, may be a positive benefit affecting the best interest of the child." 14 Ill. App. 3d 602, 604.

In the intervening petition in our case there are no allegations and there is no proof of facts which support a conclusion that either parent is unfit or has forfeited its natural superior right to the custody and care of the children. Also, no special circumstances have been established that would warrant granting special visitation rights to the grandfather. It is commendable that a bond of love and affection, as alleged, exists between the grandfather and the minor children; however, this and the allegation of past favors do not justify carving out of the custody and visitation rights of the natural parents still another

visitation right and vesting it in the grandfather. The right to determine the third parties who are to share in the custody and influence of and participate in the visitation privileges with the children should vest primarily with the parent who is charged with the daily responsibility of rearing the children. In the absence of unusual circumstances, these matters should not be of judicial concern.

The grandfather, as well as the majority of the appellate court, emphasizes the willingness of the father to have visitation privileges granted as requested. The fact that the father is willing to have the court grant the grandfather visitation during the time that the father ordinarily has the children is no reason to give judicial sanction to such an arrangement and to judicially interfere with the mother's right to custody.

We must conclude that the giving of the visitation rights to the grandfather over the objections of the mother in the absence of any special circumstances justifying the interference with the superior custodial right of the natural parent was error.

The judgments of the circuit and appellate courts are reversed.

*Judgments reversed.*

Dissenting Opinion Upon Denial Of Rehearing.

MR. JUSTICE DOOLEY, dissenting:

I dissent. The majority has confused "visitation rights" with "custody." Each is wholly different from the other and governed by different rules of law.

Visitation rights were granted to grandparents in *Boyles v. Boyles* (1973), 14 Ill. App. 3d 602, in *People ex rel. Lutz v. Lutz* (1975), 24 Ill. App. 3d 948, and in other appellate court decisions, and the propriety of extending such rights to grandparents was presupposed in *People ex rel. Edwards v. Livingston* (1969), 42 Ill. 2d 201.

The majority, while conceding that grandparents are not debarred from visitation rights, limits such rights to

cases presenting "special circumstances." In reaching this result the majority appears to rely on cases such as *People ex rel. Whalen v. Sheehan* (1940), 373 Ill. 79, which involve the question of custody as well as visitation, and section 18 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 19), dealing with custody, not visitation. When only visitation is at issue, that line of cases is not relevant.

The matter of visitation rights, as the majority admits, turns on what is in the best interests of the children. Despite repeated invitations by the trial court, the mother flatly declined to participate in a hearing to determine the effect of visitations by the grandfather on the children. Accordingly, the court denied her motion to dismiss.

I would affirm the decisions below as to the jurisdiction of the circuit court, and remand the cause for a hearing on the merits so that there can be a judicial determination of what is in the best interests of these minor children.

MR. JUSTICE CLARK joins in this dissent.