JANICE LEE DOGGETT, Plaintiff-Appellant, *v.* BILLY JOE DOGGETT, Defendant-Appellee.

Fifth District    No. 76-514

Opinion filed August 4, 1977.

Cochran & Garrison, of Fairfield, for appellant.

Marshall, Feiger, Quindry & Molt, of Fairfield, for appellee.

Mr. PRESIDING JUSTICE CARTER delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Wayne County finding appellant in contempt of court for her failure to comply with the visitation provisions of a divorce decree. The circuit court also amended the visitation provisions of the divorce decree and assessed a $300 forfeiture for appellee's attorney fees. Appellant raises five issues for review: (1) the evidence does not show appellant guilty of contempt of court; (2) the evidence shows appellee guilty of abuse of the minor children of the parties; (3) the court erred in considering evidence not in the record and not subject to cross-examination; (4) the court erred in modifying the divorce decree; (5) the court erred in awarding appellee his attorney fees.

A decree of divorce was entered in this cause on September 12, 1974, which awarded the care, custody and control of the three minor children to appellant Janice Lee Doggett and awarded appellee Billy Joe Doggett visitation privileges every other weekend, for one week each summer during his vacation, and on alternating holidays throughout each year.

Numerous petitions to show cause were filed by both parties subsequent to the divorce and prior to the order now appealed from. In February of 1976 appellant's petition stated that appellee had failed to

make child support payments to her for two consecutive weeks of that month, in violation of the divorce decree. In March of 1976 appellee's petition claimed that appellant had refused to allow him to visit the children as provided by the provisions in the decree. These petitions were consolidated for hearing on June 17, and after hearing the evidence, the court found each of the parties guilty of contempt and ordered that each post a bond in the amount of $1,000 to guarantee faithful performance of the decree provisions. Bond was duly filed by each of the parties.

On July 8, 1976, appellee filed a petition alleging that appellant had continued to deny him visitation rights. The petition asked that the court order appellant to have the three children available to appellee for the first week of August, during his vacation, that appellant be ordered to show cause why she should not be held in contempt of court for her previous refusal to comply with the decree, and that appellant be assessed $300 as appellee's attorney fees. Appellant's answer to the petition denied that she had refused to comply with the decree and stated that the three minor children had refused to go with appellee on each occasion when he came to pick them up. A court order issued on July 22, 1976, ordered that appellant make the children available to appellee and that they remain with him during his vacation from July 31 to August 8.

On August 16 appellant filed a petition asking that the court terminate all of appellee's visitation rights for the reason that during his one week vacation with the children he repeatedly beat, kicked and otherwise threatened and abused them. Appellee's answer denied these allegations.

At the hearing on these petitions appellee testified that for the past several months he had been denied his regular visitation rights by the appellant in that she had made excuses for not having the children ready or that the children's grandfather had them tell appellee that they did not want to go with him when he came to pick them up. Appellee further testified that he sought the assistance of a deputy sheriff from White County to help him get the children on July 31, 1976, so that he could take them on his one week vacation as ordered by the court. At this time the children's grandfather tried to prevent appellee from taking the children by telling him that they did not want to go with him. Appellee also denied beating or otherwise abusing the children during the vacation or at any other time.

Appellant Janice Lee Doggett testified that when the children had returned from visitations with their father they related stories of being physically abused and beaten or threatened with beating. She also stated that she had been told by the judge at the time of the divorce that the children need not be forced to visit their father against their will. She testified further that on the weekends scheduled for visitation she had the children ready but that they had refused to accompany their father.

The two older Doggett children were questioned by the court in chambers with the consent of, but out of the presence of, the parties or their attorneys. There they told the court that their father had beaten and slapped them and that they did not want to see their father again.

After hearing the above evidence, the court entered an order finding appellant in contempt of court, modifying the divorce decree to require her to deliver the children to appellee's home for each designated visitation period, and to pay from the proceeds of the bond filed $300 for appellee's attorney fees.

■■ Appellant's first contentions concern the lower court's finding that she was in contempt of court and that appellee was not guilty of abusing the children. Both of these issues involve the trial court's findings based on its observation and consideration of the evidence. It is a long-standing axiom that the findings of a trial judge will not be disturbed and his opinion substituted by that of a court of review unless the holding of the trial judge is manifestly against the weight of the evidence. (*Brown v. Zimmerman*, 18 Ill. 2d 94, 163 N.E.2d 518; *Shores v. Shores*, 119 Ill. App. 2d 85, 225 N.E.2d 214.) Underlying this rule is the recognition that, especially where the testimony is contradictory, the trial judge as the trier of fact is in a position superior to a court of review to observe the conduct of the witnesses while testifying, to assess their credibility, and to weigh the evidence and determine the preponderance thereof. (*Rude v. Seibert*, 22 Ill. App. 2d 477, 161 N.E.2d 39; *Schulenberg v. Schulenberg*, 37 Ill. 2d 352, 226 N.E.2d 624; *People ex rel. Lutz v. Lutz*, 24 Ill. App. 3d 948, 322 N.E.2d 62.) A reviewing court may not reverse the judgment of the trial court merely because different conclusions could be drawn, or if such reversal would entail a mere substitution of judgment for that of the trier of fact.

In the instant case, the testimony on the issue of abuse of the children was directly contradictory, with each side presenting evidence favorable to its own position. Upon examination of the record before us, we are not persuaded that the trial court erred in rejection of appellant's claim that the children had been abused by their father. In this situation, determination of the credibility of the witnesses was paramount, and we are not prepared to substitute our judgment for that of the trier of fact who was able to observe first-hand the demeanor of the witnesses during their testimony.

Moreover, we find ample evidence in the record in support of the lower court's finding that appellant was guilty of contempt for failure to comply with the visitation provisions of the divorce decree. Appellant argues that virtually each time the visitation was denied appellee, it was refused either by the children themselves or by some person other than herself who was caring for the children at the time they were called for by their

father. This argument overlooks the fact that under the decree the ultimate responsibility for compliance with the visitation provisions ordered therein rests with appellant. The decree vested her with the care, custody and control of the children. The youngsters here involved are of tender years, ranging in age from 5 to 9 years. They have neither the level of requisite maturity nor the obligation to make their own decisions. Appellant cannot escape her duty to comply with the provisions of the decree by attempting to shift this burden to the discretion of her children or to some other person in her absence. Furthermore, appellant's claim that the trial judge, at the time the divorce was granted, informed her that the children need not visit their father against their will is completely unsubstantiated by anything in either the decree of divorce or in any of the proceedings of record in the lower court. Accordingly, for the reasons set forth herein, we find that the trial court did not err in holding appellant in contempt of court.

Next we consider appellant's contention that the trial court erred in modifying the provisions of the divorce decree by requiring appellant to deliver the children to her former husband's home at the beginning of each visitation period and to call for them at its completion. It is well settled that the modification of a divorce decree rests in the sound discretion of the trial court, and courts of review will not disturb its findings in the absence of an abuse of discretion. (*Rodely v. Rodely*, 28 Ill. 2d 347, 192 N.E.2d 347; *Nordstrom v. Nordstrom*, 36 Ill. App. 3d 181, 343 N.E.2d 640.) Recent decisions in the Illinois courts indicate that all matters concerning custody and visitation rights must be governed by what is in the best interest of the child. (*Keefer v. Keefer*, 107 Ill. App. 2d 74, 245 N.E.2d 784; *Boyles v. Boyles*, 14 Ill. App. 3d 602, 302 N.E.2d 199.) The court in *Keefer* noted that the principle of visitation privileges is founded on the belief that it is beneficial for a child to maintain a healthy and close relationship with both of his parents. The case of *Czerny v. Czerny*, 33 Ill. App. 3d 365, 342 N.E.2d 393, affirmed the modification of visitation rights on the principle of "the necessity of both parents to establish lasting and intimate relations with the children necessary for their proper development."

■■ In the instant case the trial court found that appellee had not abused his children and accordingly that his visitation rights should be protected. It is in the best interests of the Doggett children that they enjoy a close relationship with both their mother and father. To accomplish this goal the trial court, in light of the problems which originally brought this matter before the court, felt it necessary to make certain modifications in the divorce decree. The court may modify visitation rights if, due to a change in circumstances, it appears reasonable and proper to do so and if the best interests of the child make it advisable. (*Smith v. Smith*, 36 Ill.

App. 2d 55, 183 N.E.2d 559; *Boyles v. Boyles,* 14 Ill. App. 3d 602, 302 N.E.2d 199.) We feel that the court did not abuse his discretion in delineating specific provisions for visitation in the modified decree.

Appellant also claims that the court erred in its *in camera* interview with two of the Doggett children by considering evidence outside of the record and using it to impeach the testimony of these children. Specifically, this claim relates to a series of questions which the trial judge posed to the children concerning a statement they had made to appellee's attorney, a statement which was not introduced into evidence and which would seem to contradict the children's testimony during the *in camera* interview. From this appellant contends that since the lower court held for appellee, it must have arrived at its decision by rejecting the Doggett children's *in camera* testimony and had done this by using their prior inconsistent statement to discredit them.

■■ This contention asks the reviewing court to assume that the trial judge actually considered the off-the-record evidence for the purpose of impeaching the children's testimony. In the absence of clear evidence, such a claim will not be considered. As noted above, the trial court is in a superior position to decide the credibility of testifying witnesses (*People ex rel. Lutz v. Lutz,* 24 Ill. App. 3d 948, 322 N.E.2d 62), and it cannot be said from the record that the trial judge in the instant case abused his discretion. There is other evidence in the record upon which the judge could have premised his finding for appellee. Finally, the presumption exists that where the case is tried by the court without a jury, the admission of incompetent evidence is not ground for reversal, since it will be presumed, if nothing appears to the contrary, that the judge disregarded such evidence and tried the case on proper testimony alone. There has been no evidence offered to show that the trial judge based his decision on his *in camera* interview with William (age 9) and Jennifer (age 7) Doggett.

■■ Appellant's final point contests the propriety of the trial court in awarding appellee his attorney fees, claiming that no proof was offered as to the attorney fees incurred by him or of the ability of the appellant to pay them.

When it becomes necessary for a party to employ counsel to come into court to enforce his rights under a decree of that court, such party may be entitled to an allowance of reasonable attorney fees. (*Gregory v. Gregory,* 52 Ill. App. 2d 262.) It has been held that attorney fees may be awarded in post-decree proceedings in the trial court to modify the provisions of the decree. *Horwitz v. Horwitz,* 130 Ill. App. 2d 424, 64 N.E.2d 723.

■■ Concerning appellant's ability to pay, it has been held that the trial court may consider the circumstances of a party in setting the amount of attorney fees and the method of payment, but should not excuse the

allowance of fees on the ground that the party is "not in position" to pay them. (*Gaines v. Gaines,* 106 Ill. App. 2d 9, 245 N.E.2d 574.) Thus, the claim that appellee has not offered proof of appellant's ability to pay is not determinative.

The awarding of attorney fees has been held to be a matter within the discretion of the trial court and a reviewing court will not interfere unless that discretion has been clearly abused. (*Hofing v. Willis,* 83 Ill. App. 2d 384, 227 N.E.2d 797; *Leader v. Cullerton,* 25 Ill. App. 3d 216, 323 N.E.2d 11.) In light of these principles, we cannot say that the trial court erred in awarding appellee his attorney fees.

The order of the Circuit Court of Wayne County is affirmed.

Affirmed.

JONES and G. J. MORAN, JJ., concur.