JUNE BULLINGTON LINGWALL, Petitioner-Appellee, *v.* ALTHEA EILEEN HOENER *et al.*, Respondents-Appellants.

Fourth District   No. 4—83—0763

Opinion filed June 7, 1984.

Albert W. Schimmel III, of Schimmel, Takahashi & Schimmel, P.C., of Pittsfield, for appellants.

George J. Lewis, of Lewis, Blickhan, Longlett & Timmerwilke, of Quincy, for appellee.

JUSTICE GREEN delivered the opinion of the court:

Section 607(b) of the Illinois Marriage and Dissolution of Marriage Act (IMDMA) (Ill. Rev. Stat. 1983, ch. 40, par. 607(b)) provides that a circuit court, upon petition of a grandparent or a great-grandparent of a minor child, may, consistent with the best interests of the child, grant that grandparent or great-grandparent visitation privileges with the child. The issue in this case is whether such privileges may be granted even though the parent of the child, through whom the petitioner is related to the child, has been deprived of all parental rights in the child through adoption proceedings. We conclude that such privileges may be granted.

On October 20, 1981, petitioner, June Bullington Lingwall, natural parental grandmother of Michelle Hoener, a minor, brought action in the circuit court of Pike County under section 607(b) of the IMDMA seeking visitation privileges with Michelle. Althea Eileen Hoener, the child's natural mother, and her husband, Wayne Hoener, the child's adoptive father, were respondents to the petition. After an evidentiary hearing the trial court entered an order on November 9, 1983, granting petitioner visitation privileges. Respondents have appealed. We affirm.

The order placed substantial restrictions on the visitation. Specifically it (1) granted petitioner visitation with Michelle once every two weeks in the presence of Rev. Jim Jenkins, (2) provided that the time, date and place of the visitations should occur according to the mutual agreement of the parties, (3) required the parties to file a written motion with the court describing the visitations, (4) provided that the trial court, after receiving the report, could then modify the visitation privileges, (5) enjoined petitioner from "having the natural father of [Michelle] present at the time of such visitations," and (6) ordered that the visitations occur in the State of Illinois. The natural father's parental rights had previously been terminated in the proceedings in which the child was adopted by respondents.

We need not detail the factual background giving rise to the case.

Respondents contest the power of the circuit court to award visitation rights with a minor to a grandparent whose relationship to the minor is traced through a parent of the minor whose rights in regard to the minor have been terminated by an adoption decree. However, at oral argument, they conceded that if the court can properly make such an order, petitioner is a proper person to have such visitation privileges.

At common law, grandparents were granted visitation privileges only under special circumstances (1) where the mother had died and the maternal grandparents had been close to the child (*Boyles v. Boyles* (1973), 14 Ill. App. 3d 602, 302 N.E.2d 199), (2) where the father had died and the grandparents were the trustees of a fund of which the child was a beneficiary (*Lucchesi v. Lucchesi* (1947), 330 Ill. App. 506, 71 N.E.2d 920), and (3) where the father had been inducted into the armed forces and, thereafter, the mother refused visitation to the paternal grandparents (*Solomon v. Solomon* (1943), 319 Ill. App. 618, 49 N.E.2d 807). In the absence of special circumstances, a granting of visitation privileges to a grandparent over objections of a parent constituted reversible error. (*Chodzko v. Chodzko* (1976), 66 Ill. 2d 28, 360 N.E.2d 60.) Similarly, where after a divorced mother had died and her son was adopted by his father and the father's second wife, the supreme court ruled that the court having jurisdiction of the divorce proceedings had been divested of its jurisdiction concerning the custody of the child. Accordingly, a decree of the divorce court which was entered after the adoption, granting the maternal grandparents certain custody rights, was held to be void. *People ex rel. Bachleda v. Dean* (1973), 48 Ill. 2d 16, 268 N.E.2d 11.

Section 607(b) of the IMDMA states in its entirety:

"(b) The court may grant reasonable visitation privileges to a grandparent or great-grandparent of any minor child upon the grandparents' or great-grandparents' petition to the court, with notice to the parties required to be notified under Section 601 of this Act, if the court determines that it is in the best interests and welfare of the child and may issue any necessary orders to enforce such visitation privileges. Further, the court, pursuant to this subsection, may grant reasonable visitation privileges to a grandparent or great-grandparent whose child has died where the court determines that it is in the best interests and welfare of the child." Ill. Rev. Stat. 1983, ch. 40, par. 607(b).

Section 607(b) clearly enlarges the power to grant grandparent visitation beyond that which existed at common law. Special circumstances are no longer necessary. However, this legislation does not ex-

pressly overturn the *Bachleda* doctrine that an adoption decree prevents an award of rights or privileges concerning the child to an ancestor of the child's natural parent whose parental rights were terminated by the decree. In a recent case, the appellate court for the Second District held that the foregoing rule was still in force. (*In re Adoption of Schumacher* (1983), 120 Ill. App. 3d 50, 458 N.E.2d 94.) That court noted that section 11—7.1 of the Probate Act of 1975 (Ill. Rev. Stat. 1983, ch. 110½, par. 11—7.1) provides for the granting of visitation rights to grandparents when both natural or adoptive parents are deceased, but excludes application of that provision in situations where the child has been subsequently adopted. The *Schumacher* court reasoned section 11—7.1 evidenced a policy that termination of a parent's rights in a child terminated the basis for any rights in the parents of that parent. The court also felt that to allow visitation to such grandparents would defeat "the adoption statute's basic premise of the complete severance of ties between the child and the natural family." *In re Adoption of Schumacher* (1983), 120 Ill. App. 3d 50, 53, 458 N.E.2d 94, 98.

We do not agree with the *Schumacher* court that section 607(b) of the IMDMA enacted effective January 1, 1982, should be interpreted as a continuation of the policy of section 11—7.1 of the Probate Act of 1975 enacted effective October 1, 1977. After providing in section 11—7.1 that grandparent visitation could not be awarded where the child had been subsequently adopted, the legislature's later failure to refer to such situations in section 607(b) indicates an intention that subsequent adoptions should not preclude an award of grandparent visitation pursuant to that section.

Such an interpretation is consistent with a trend toward allowing visitation privileges to grandparents on a broader scale. As stated in *Schumacher*, the majority of other jurisdictions have determined that provisions similar to section 607(b) do not authorize courts to grant visitation rights to grandparents who are parents of a parent whose rights have been terminated by adoption decrees. However, a few cases have taken a different view. (*Layton v. Foster* (1983), 95 App. Div. 2d 77, 466 N.Y.S.2d 723; *Mimkon v. Ford* (1975), 66 N.J. 426, 332 A.2d 199.) Moreover, we note that the United States House of Representatives passed House Concurrent Resolution 45 (H.R. 45, 98th Cong., 1st Sess., 129 Cong. Rec. 50, 2127-28 (1983)). This resolution (1) expresses the sense of Congress that the National Conference of Commissioners on Uniform State Laws should develop a Model State Act that provides grandparents with adequate rights to petition State courts for privileges to visit grandchildren, (2) recognizes that

adoption often takes place when parents remarry, and (3) seeks to insure that visitation privileges extend to the cases in which stepparents adopt grandchildren.

In order to grant visitation to a grandparent or great-grandparent, section 607(b) requires that the court determine that visitation is in "the best interests and welfare of the child." The adoption statute's "basic premise of the complete severance of ties between the child and the natural family" with which the *Schumacher* court was rightly concerned can be upheld under our interpretation of section 607(b). That severance is of most significance in cases where the child is being adopted by strangers. Grandparent visitation should rarely be granted when a child is adopted by strangers because seldom, if ever, would such privileges in those cases be in the "best interests and welfare of the child." In a case such as the instant one, the ties to the petitioner-grandmother need not be severed. In a case of this nature, if the visitation causes disruption or disunity, the court can terminate the privileges.

Because we deem section 607(b) to permit the type of visitation granted petitioner under the circumstances here and because petitioner is, admittedly, a proper grandparent to have the visitation, we affirm the order of visitation appealed.

Affirmed.

MILLER and WEBBER, JJ., concur.