BETH-ANN LOVELESS, Plaintiff-Appellant, v. CAREY LYNN MICHALAK et al., Defendants (Vincent E. Michalak et al., Intervenors-Appellees).

Third District   No. 3—87—0412

Opinion filed April 22, 1988.

Louis E. Olivero, of Peru, for appellant.

Gerald M. Hunter, Ltd., of Oglesby (Gerald M. Hunter, of counsel), for appellees.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

This appeal is from an order of the circuit court of La Salle County providing for specific visitation by the paternal grandparents

of the minor child, Nicholas John Michalak (now Loveless), who has been adopted by his maternal grandmother.

The natural father of the child, John Michael Michalak, is a fugitive felon. In 1985, when the child was 13 months old, the mother, Carey Lynn Michalak, left the child with the maternal grandmother, Beth-Ann Loveless, and never returned. Neither natural parent has been heard from since then. In June of 1986, Beth-Ann Loveless filed a petition to adopt the child. The paternal grandparents intervened in the adoption proceeding and later entered into an agreement with plaintiff Beth-Ann Loveless whereby all parties agreed that it would be in the best interest of Nicholas John Michalak if his paternal grandparents continue to have visitation with him. Under the terms of the agreement, the paternal grandparents agreed not to contest the adoption, and the maternal grandmother agreed to visitation on the afternoons of the holidays of Christmas, Thanksgiving, Easter, the Fourth of July and "other occasions as the parties agree." This agreement was incorporated into the adoption decree entered on December 2, 1986.

In March of 1987, the paternal grandparents filed a petition to determine specific visitation. The petition recited that the parties had been unable to agree as to what is reasonable visitation and when it should occur. Plaintiff objected to the petition on the ground that the paternal grandparents have no legal rights to visitation. After hearing evidence, the trial court found that it was in the best interest of the child that he visit with his paternal grandparents. The court then determined that the grandparents shall visit with the minor child for three hours per week on a day to correspond to the grandfather's day off from work, for one weekend per month, and for alternate holidays. Visitation was to take place at the home of the grandparents. Plaintiff appeals from that order.

■ Plaintiff contends that the trial court lacked authority to grant visitation rights to the grandparents. Under section 607(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 607(b)), a court may grant reasonable visitation to a grandparent or great-grandparent where it is in the best interest of the child. In such a case, even the adoption of the minor by the new spouse of the custodial parent (after termination of the parental rights of the other parent) does not preclude granting visitation privileges to a grandparent under this statute. As plaintiff points out, the present case does not involve a dissolution of marriage.

■ Grandparent visitation is also provided for in section 11—7.1 of the Probate Act of 1975 (Ill. Rev. Stat. 1985, ch. 110½, par. 11—

7.1), where such visitation rights may be granted if the natural and adoptive parents of the child are deceased. This section also states:

"However, the court shall not grant visitation privileges to any person who otherwise might have visitation privileges under this Section where the minor has been adopted subsequent to the death of both his legal parents *except where such adoption is by a close relative*. For the purpose of this Section, 'close relative' shall include, but not be limited to, a grandparent, aunt, uncle ***." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110½, par. 11—7.1.)

Quite clearly, this case does not come within either statutory provision for grandparent visitation since the parents here are neither divorced nor deceased.

Plaintiff argues that adoption severs the rights of the natural parents and permanently terminates the relationship between parent and child (*In re Custody of Atherton* (1982), 107 Ill. App. 3d 1006, 438 N.E.2d 513), and therefore, permanently terminates any right of the grandparents to seek visitation. We note that *Atherton* involved an attempt by grandparents to obtain custody of their grandchild pursuant to an agreement with the adoptive parents. The court refused to permit the parties to alter custody by means of an agreement among themselves which would bypass the custody decisions of the court. We do not consider the decision in *Atherton* to apply to a question of visitation.

In addition to the statutes quoted above, Illinois courts have recognized grandparents' right to visitation in cases where "special circumstances" exist. In *Chodzko v. Chodzko* (1976), 66 Ill. 2d 28, 360 N.E.2d 60, the mother had custody of the child following a divorce. She refused to permit her father to visit the child, and upon the grandfather's petition for visitation, the court ruled that mere mutual affection between the child and grandparent was not sufficient "special circumstance" to justify visitation. Three such "special circumstance" cases were discussed in *Chodzko*. They are as follows:

(1) In *Solomon v. Solomon* (1943), 319 Ill. App. 618, 49 N.E.2d 807, following a divorce in which the mother was awarded custody and the father was granted visitation rights, the soldier-father was stationed in Oregon and was unable to travel to see his two-year-old son. The court granted the father's petition to allow his parents to visit the child during his absence.

(2) In *Lucchesi v. Lucchesi* (1947), 330 Ill. App. 506, 71 N.E.2d 920, the father of a minor child was killed in action dur-

ing World War II. The father's will provided that his parents were to act as trustees of a fund for the benefit of his child. The grandparents' petition for visitation rights was allowed as a matter of justice, giving consideration to the death of the child's father and the trusteeship of the grandparents.

(3) In *Boyles v. Boyles* (1973), 14 Ill. App. 3d 602, 302 N.E.2d 199, the parents were divorced, and the mother awarded custody. Following the mother's death, custody was awarded to the father, who lived in Colorado, and the maternal grandparents were allowed visitation for two weeks each summer and at other reasonable times. This court affirmed that ruling and stated:

> "[A]ll matters concerning custody and also those concerning visitation rights must be governed by what is in the best interest of the child. *** We believe where a parent has died, the continuation of the relationship between child and grandparents, which may be promoted by visitation, may be a positive benefit affecting the best interest of the child." 14 Ill. App. 3d at 604, 302 N.E.2d at 201.

■ We see a strong similarity between the situation of a child whose custodial parent has died and the situation of the child in this case, who has been abandoned by both natural parents. It seems evident that the love and affection of his paternal grandparents may be a very positive benefit to this child and may help him to overcome the negative implications of parental rejection. We consider the factual situation in this case to be one of those "special circumstances" which justifies the trial court's recognition of the grandparents' right to visitation.

Another important factor is the parties' earlier agreement to such visitation where plaintiff acknowledged that visitation by the Michalaks was in the best interest of their grandson and agreed to such visitation. That agreement was incorporated into the adoption decree, and no appeal was taken from that decree. The obvious purpose of the agreement was to reach a settlement as to the Michalaks' objection to plaintiff's petition to adopt their grandson. To permit plaintiff to repudiate her obligation under the terms of the decree at this late stage would not be appropriate and would discourage the use of settlements in such cases.

Plaintiff argues that our recent decision in *Bush v. Squellati* (1987), 154 Ill. App. 3d 727, 506 N.E.2d 972, refusing to recognize grandparent visitation rights following an adoption of the child by other relatives, compels us to reverse the trial court in the case at

bar. The *Bush* case did not involve any "special circumstances," such as we have found here, and also did not involve an agreement as to visitation incorporated into a court decree. We, therefore, consider *Bush v. Squellati* distinguishable from the case now before us.

■■ Plaintiff also contends that the decision of the trial court as to specific visitation was against the manifest weight of the evidence since there was no showing that this visitation would be in the best interest of the child. We do not agree. Since plaintiff had previously agreed that visitation by the paternal grandparents would be in the best interest of the child, and since the trial court had made that agreement a part of its decree, the burden would be on plaintiff to establish the contrary. Although there was some testimony by plaintiff that she sometimes had difficulty with the child's conduct after his visits with the grandparents, when weighed against the value to the child of having contact with loving grandparents, such testimony does not require us to overturn the finding of the trial court as contrary to the manifest weight of the evidence.

For the reasons stated, we affirm the order of the trial court.

Affirmed.

STOUDER and WOMBACHER, JJ., concur.