BETTY WEBB, Plaintiff-Appellee, *v.* WALLACE WEBB, Defendant-Appellant.

(Nos. 69-187, 70-43, 70-95, 70-109, cons.;

Second District—December 3, 1970.

Peter Bianco, Jr., of Chicago, for appellant.

Morris L. Simons, Julian R. Wilheim, of Chicago, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

A divorce proceedings between the plaintiff and defendant forms the basis for four separate appeals which have been consolidated for review.

On February 15, 1965, plaintiff filed a complaint for divorce alleging defendant's extreme and repeated cruelty. On December 28, 1966, defendant filed a counter-claim alleging plaintiff's desertion. During the hearing, defendant withdrew his counter-claim and chose not to contest the complaint. The cause proceeded and on March 30, 1967, at the conclusion of plaintiff's evidence, the court granted the divorce to the plaintiff, at which time the defendant was still present in court. On the following day, upon agreement of the parties and counsel, the court awarded the custody of the three children to the plaintiff. The question of support, alimony and property rights were reserved for later determination.

Pursuant to the court's instruction counsel for the plaintiff prepared a written decree which the court signed on December 20, 1967, to be entered *nunc pro tunc* as of March 30, 1967. On plaintiff's petition, the court resumed hearings on April 8, 1968, with regard to alimony and property rights.

On June 30, 1969, the defendant filed a petition under Section 72 of the Civil Practice Act (Ill. Rev. Stat. 1967, ch. 110, par. 72) to vacate the decree of divorce. The petition alleged that the decree was procured by fraud. After hearing and the submission of briefs, the court ruled that the petition was not filed within the two year limitation provided in the section. Defendant's first appeal is from this order (69-187).

On January 7, 1970, a supplemental decree was entered which determined questions of permanent alimony, child support and attorney's fees. A second appeal (70-43) is from that order. The third appeal taken (70-95) is from an order entered February 24, 1970, awarding temporary alimony and child support to the plaintiff pending appeal as provided under Section 15 of the Divorce Act (Ill. Rev. Stat. 1969, ch. 40, par. 16). The fourth appeal (70-109) has been taken by the plaintiff from an order entered April 20, 1970. During oral argument, this last appeal, 70-109, was dismissed by stipulation of the parties.

Defendant contends that the court erred in dismissing his petition under Section 72 on the grounds that it was not filed in apt time. He argues that since the court entered the draft decree on December 20, 1967, *nunc pro tunc* as of March 30, 1967, his time for the purpose of the section should commence at the time the draft order was entered.

The record discloses that the court at the close of the evidence on the divorce portion of the complaint announced its decision in the presence of the defendant. At many hearings subsequently had, the record further discloses that the defendant was completely aware that his marriage was terminated as of March 30, 1967. He was expressly reminded of this by the court on the day following the decree. The matter has been and still is in continuous litigation before the trial court.

In addition, while this matter was pending before us, plaintiff moved to dismiss defendant's appeal No. 69-187. The motion alleges that the defendant has remarried after the decree of divorce was entered, is the father of a child born legitimately on June 23, 1970 and that he is thereby estopped from further seeking a vacation of the divorce decree. The facts of the motion are admitted by the defendant but he urges that such facts have no effect on the merits of his appeal.

■■■ We disagree with the defendant. He seeks reinstatement of a petition to vacate the decree of divorce while acting as husband and father in a subsequent marriage, lawful under the statutes of this State. The subsequent marriage was consummated in reliance upon the validity of the instant decree of divorce, the benefits of which he has accepted, and he is therefore estopped to vacate the same. The rule that a person who has accepted the benefits of a divorce decree should not be permitted to attack the same, is a rule of estoppel followed repeatedly by courts

of this and many other states. The rule was recently stated by this Court in *Goodman v. Goodman* (1970), 125 Ill.App.2d 190.

In *McDonald v. Neale* (1962), 35 Ill.App.2d 140, 151, the remarriage of the petition was found to be dispositive of the controversy. As the court stated:

"* * * The rule of estoppel, founded upon the public policy of protecting the marital status and good character of innocent third persons, the legitimacy of children, and the rights and position of persons whose status has been finalized by decree of divorce, will not permit parties to assert inconsistent legal rights as petitioner has here attempted * * *"

Appeals Nos. 70-43 and 70-95 concern awards given in supplemental decrees. The defendant argues that the court erred in requiring him to pay excessive amounts of money for alimony, both permanent and temporary child support and plaintiff's attorney's fees.

■■ It is within the sound discretion of the trial court to determine the form and amount to be awarded for alimony and attorney's fees. (*Canady v. Canady*, 30 Ill.2d 440.) The findings and judgment of the trial court will not be reversed unless found to be against the manifest weight of the evidence.

In the instant case, the court had the opportunity to observe the parties during the many sessions the parties were in court. They testified on several occasions on different days, exhibits were introduced and other witnesses testified. Hearings were had in 1967, 1968 and 1969. The court was in a position to determine the parties' stations in life, the children's needs, the plaintiff's needs, the defendant's ability to pay and the equities of the case. As stated in *Lewis v. Lewis* (1970), 120 Ill.App.2d 263, 269-270:

"* * * Numerous factors must be considered by the judge. The demeanor of the witness, his or her apparent honesty or lack of it and candor and forthrightness, are but a few of the elements that cannot be transcribed into a record on appeal. These intangibles are of great importance in assisting the trial judge in reaching a decision when the evidence is conflicting. It is the trial court that observes and hears the witnesses and analyzes the testimony. It is not for a court of appeal to substitute its findings for those of the trial court unless such findings are clearly and palpably erroneous and against the manifest weight of the evidence."

We find that the alimony and child support awarded by the trial court are not excessive and are amply supported by the evidence. The parties maintained a station in life commensurate with living in a $65,000.00 home located on 5 acres. Five years ago, the cost of maintaining the

household was approximately $20,000.00. The defendant had been paying the plaintiff $150.00 per month total since 1965. She bore the entire cost of maintaining the household, paying taxes and the mortgage. By economizing, she was spending $15,000.00 a year to maintain the household. She went to work as a school teacher and her take-home pay, after taxes, amounted to $5,112.00 per year. She also owned certain securities, by virtue of inheritance, from which she derived an annual interest income of about $4,000.00 before taxes.

The defendant is an airline pilot with a take-home pay, after taxes, of about $27,600.00 annually. At the end of 1968, he had $41,724.00 in his employer's retirement income plan, security which could not presently be reached.

The decree awarded $200.00 per week child support and $35.00 per week alimony, a total of $12,220.00. The plaintiff received possession of the marital home and the defendant was to pay one-half of the mortgage payments, real estate taxes, insurance, maintenance and upkeep on the home, which amounted to approximately $2,160.00 per year. This totals a yearly expense for the defendant of $14,380.00.

■■ The defendant contends that the plaintiff's personal income must be taken into consideration as well as his own. This is true and this we feel the trial court has clearly done. However, the defendant cites the formula of *Harding v. Harding* (1892), 144 Ill. 588 and *Goldstine v. Goldstine*, 25 Ill.App.2d 319, as controlling. There, allowances of alimony were made *pendente lite* with which we are not here concerned.

■■ Here the trial court has found $10,400.00 per year to be a necessary amount for the support of the defendant's children. The plaintiff has no duty to share this burden. The court further found $1,820.00 per year to be a necessary amount for the support of the plaintiff when added to her present income of about $9,000.00 per year. We find these amounts amply supported by the evidence and not excessive under the circumstances of this case. This holding is applicable to the permanent award for child support and alimony. The lesser award allotted by the court under Section 16 of the Act is also subject to the same conclusion.

■■■ Defendant's final contention is that the trial court erred in requiring him to pay plaintiff's attorney's fees. The law applicable is stated in *Canady v. Canady, supra,* where at page 446, the Court said:

"* * * The allowance of attorney's fees in a divorce proceedings 'rests in the sound discretion of the trial court, and unless such discretion is clearly abused, its exercise will not be interfered with'."

■■ A hearing was held on the question of attorney's fees. The record discloses that a substantial amount of services were performed by plaintiff's counsel. Defendant has cited two cases for the proposition that the

award is not proper unless it is shown that there is an inability to pay on the part of the person for whom the fees are awarded. The cases cited do not so hold and both were referred to in the case of *Quagliano v. Quagliano* (1968), 94 Ill.App.2d 233, 243, as follows:

"*Berg v. Berg*, 85 Ill.App.2d 98, and *Jones v. Jones*, 48 Ill.App.2d 232, are not authority for the proposition that findings of fact relating to petitioner's financial inability to pay attorney's fees or the ability of the respondent to do so are required if an order allowing attorney's fees is to be deemed valid, rather these cases support the conclusion that hearings should be held if requested and that findings of fact may supply deficiencies which otherwise might exist."

We hold that the allowance of attorney's fees herein were proper.

For the reasons stated, the motion to dismiss defendant's appeal No. 69-187, which was taken with the case, is allowed; appeals in cases Nos. 70-43 and 70-95 are affirmed and appeal No. 70-109, on stipulation of the parties, is dismissed.

Judgments affirmed in cases 70-43 and 70-95;

Appeals dismissed in cases 69-187 and 70-109.

DAVIS, P. J. and ABRAHAMSON, J., concur.