ELAINE MARTIN, Plaintiff-Appellee, *v.* LORENZO MARTIN, Defendant-Appellant.

First District (1st Division)   No. 76-1511

Opinion filed February 14, 1978.

Dianna D. Zimmerman, of Zimmerman & Zimmerman, of Chicago, for appellant.

No brief filed for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

On September 16, 1974, Elaine Martin and Lorenzo Martin were divorced pursuant to a decree for divorce entered by the circuit court of Cook County. The decree contained a finding that no children were born to or adopted by the parties as a result of the marriage. On March 1, 1976, Lorenzo Martin filed a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72) seeking a vacatur or modification of the decree for divorce to reflect that one child, Niamani, was born to the parties during the marriage. After a hearing, the trial court ordered that the petition be dismissed and Lorenzo Martin now appeals from that order.

Petitioner's only contention in this appeal is that a child born to parties lawfully married cannot be bastardized by omission during divorce proceedings.

We vacate and remand with directions.

On July 29, 1974, the respondent, Elaine Martin, filed a complaint for divorce alleging that the parties were married on May 5, 1968, and that one child, Niamani, was born to the parties on October 31, 1973. The complaint requested custody of Niamani and temporary and permanent support for her. On August 16, 1974, the trial court entered an agreed order amending the complaint to delete any reference to the minor child. At the hearing on the complaint for divorce, Elaine Martin testified that no children were born of the marriage. At the same hearing Lorenzo Martin's attorney also stated in open court that no children were born of the marriage. Although Lorenzo Martin did not question the statement of his attorney, he was never asked at the hearing whether there were any children born of the marriage. On September 16, 1974, the trial court

entered an order granting the divorce to Elaine Martin and finding, in pertinent part, that there were no children born of the marriage.

Approximately 18 months after the decree for divorce was entered, Lorenzo Martin filed a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72) alleging in part that the finding in the decree for divorce that no children were born to the parties as a result of the marriage was untrue; that on October 31, 1973, a child, Niamani Martin, was born to the parties; that he was the father of this child; and that the misrepresentation of this fact constituted a fraud on the court. The petition concluded stating that Lorenzo Martin was ready to assume a court-ordered program for support of the child and requesting that the decree for divorce be vacated or modified to reflect that a minor child, Niamani, was born to the parties during their marriage. In response to the petition, Elaine Martin acknowledged the existence of a child, Niamani, and the fact that the petitioner had had contact with and bought presents for Niamani. However, Elaine Martin further alleged that petitioner knew he was not Niamani's father and that for that reason no mention of Niamani was made in the divorce decree.

At the hearing on the petition, the trial court received into evidence a birth certificate indicating that on October 31, 1973, a child, Niamani, was born to Elaine Martin. The birth certificate also listed Lorenzo Martin as the father of the child. Mr. Martin testified that the signature on the birth certificate was that of his ex-wife, Elaine Martin and that Niamani was born at a time when he and his wife were residing as husband and wife. Mr. Martin testified that he was the father of the child and explained that he entered into a stipulation that the complaint be amended deleting any reference to the child because he was told by his attorney and his wife's attorney that it was a mere formality which would expedite the divorce and that he could later arrange for visitation and child support. He further testified that he saw the child on a regular basis up until March of 1975 and sent presents to the child until December of 1975. When asked by the trial court why he failed to state at the hearing on the divorce that a child was born to the parties, Mr. Martin replied that he never had the opportunity.

Testimony at the hearing also established that both the petitioner and respondent had remarried since the granting of the divorce. Although she answered the section 72 petition, Elaine Martin failed to appear at the hearing on that petition.

After hearing all of the above evidence, the trial court dismissed the section 72 petition. The trial court held that the petitioner failed to state a cause of action and failed to demonstrate that the failure to reveal the alleged error of fact to the court prior to judgment was not due to his own fault or negligence.

■■ We initially note that the respondent has failed to file a brief in

defense of this appeal. However, despite such a failure, a considered judgment of the trial court should not be set aside without some consideration of the merits of the appeal. (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493; *R. W. Horn Wholesale Meats, Inc. v. Lyman* (1977), 49 Ill. App. 3d 379, 364 N.E.2d 384.) We thus proceed to consider this appeal on its merits.

■■ In this appeal, the petitioner seeks a reversal of the trial court's order dismissing his petition and requests this court to vacate the decree of divorce or in the alternative to modify the decree for divorce to reflect that one child, Niamani, was born to the parties during their marriage. We first note that the trial court correctly refused to vacate the decree. The record clearly reflects that both parties have remarried since the entry of the divorce decree. It is well established that a party who remarried in reliance on the validity of a divorce decree is estopped from moving that the decree be vacated (*McDonald v. Neale* (1962), 35 Ill. App. 2d 140, 182 N.E.2d 366; *Webb v. Webb* (1970), 130 Ill. App. 2d 618, 264 N.E.2d 594) and we thus reject petitioner's request for a vacatur of the decree.

However, petitioner also seeks a modification of the decree for divorce to reflect that one child, Niamani, was born to the parties.

■■ Considering the allegations in the section 72 petition and the evidence presented at the hearing on that petition, we believe that the petitioner has presented sufficient evidence to indicate that the decree for divorce erroneously concludes that no children were born to the parties during their marriage. At that hearing, the petitioner testified that on October 31, 1973, a child, Niamani, was born to Elaine Martin and that at that time they were living together as husband and wife. Received into evidence was that child's birth certificate which listed October 31, 1973, as her date of birth and the petitioner as her father. The petitioner further testified that the signature on the birth certificate was that of Elaine Martin. A child born to a married woman is presumed to be legitimate and this presumption can be overcome only by clear and convincing proof. (*People v. Powers* (1950), 340 Ill. App. 201, 91 N.E.2d 637; *People ex rel. Smith v. Cobb* (1975), 33 Ill. App. 3d 68, 337 N.E.2d 313.) It is true that after the original complaint was filed reflecting that a child, Niamani, was born to the parties, an agreed order was entered amending the complaint and deleting any reference to that child. It is also true that at the hearing on the complaint for divorce, Elaine Martin testified that no children were born to the parties, petitioner's attorney made a similar representation, and petitioner failed to contradict either of those statements. However, petitioner now presents evidence indicating that those representations were incorrect and further alleges that a fraud was committed on the court.

We realize that a section 72 petition is not intended to relieve a party

from the consequences of his own negligence (*Antczak v. Antczak* (1965), 61 Ill. App. 2d 404, 209 N.E.2d 838), and that it is possible that the petitioner may have wilfully or negligently participated in this alleged fraud on the court. However, a section 72 petition is addressed to the equitable powers of the court. (*Burkitt v. Downey* (1968), 102 Ill. App. 2d 373, 242 N.E.2d 901.) In the instant case the petitioner has presented ample evidence that he is Niamani's father, but the divorce decree strips him of any paternal rights. Additionally, a third party, Niamani, even though not bound by the findings on the decree (*Doornbos v. Doornbos* (1956, Abst.), 12 Ill. App. 2d 473, 139 N.E.2d 844), would certainly be affected by the finding that no children were born to the parties. Moreover, the State is a "third party" to every suit for divorce. As stated in *Collins v. Collins* (1958), 14 Ill. 2d 178, 184, 151 N.E.2d 813, 816:

> "It is a settled principle of law that where parties are *in pari delicto*, the court will refuse to extend them aid, but it is equally true that where the State is an interested party, the contributing guilt of the parties to the suit will not bar the granting of relief. The State is often called a 'third party' to every suit for divorce or nullity of marriage. It is interested in the protection of the marriage relation, and the welfare of society. Plaintiff is not barred from bringing this action to vacate because she was a party to the divorce action and knew the pleadings failed to set forth sufficient allegations and testified in support thereof. *Jardine v. Jardine*, 291 Ill. App. 152."

Considering the above factors, we vacate that part of the order of the trial court finding that no children were born of the parties. We further remand the cause for proceedings to determine the paternity of Niamani and whether a fraud was committed on the court. If at that hearing the trial court determines that the petitioner is Niamani's father, the decree should be modified to reflect that fact. We further direct the trial court to appoint a guardian *ad litem* to represent the child at these proceedings.

Order vacated; cause remanded with directions.

GOLDBERG, P. J., and O'CONNOR, J., concur.