SHARON S. ZEEB, Plaintiff-Appellant, *v.* JAMES R. ZEEB, Defendant-Appellee.

Fifth District    No. 78-416

Opinion filed September 14, 1979.—Rehearing denied October 16, 1979.

J. William Lucco, of Mudge, Riley & Lucco, of Edwardsville, for appellant.

Meyer & Meyer, of Greenville, for appellee.

Mr. JUSTICE KUNCE delivered the opinion of the Court:

Plaintiff appeals from the denial by the Circuit Court of Bond County of her section 72 petition (Ill. Rev. Stat. 1977, ch. 110, par. 72) to set aside the property settlement agreement incorporated in her divorce decree. We affirm the trial court.

When married in 1967, plaintiff was 16 and defendant was 18 years of age. Before the marriage, defendant had purchased an 80-acre tract of real estate which was titled in his father's name due to his minority. In 1970, this tract was conveyed to the parties as joint tenants. A 120-acre tract was purchased in joint tenancy in 1972. In 1974, the parties built a home on this tract which cost $54,000. Defendant farmed the 200 acres while plaintiff remained at home with the parties' two young children. Plaintiff's participation in the farming operations was minimal. Plaintiff left the family home January 11, 1975, and filed her divorce complaint 4 days later. The divorce decree was entered February 11, 1975.

The property settlement agreement which is incorporated into the divorce decree gave plaintiff $20,000 alimony in gross; $250 per month support for 18 months or until she remarried; $1,250 of the savings account; a 1973 Monte Carlo automobile; several pieces of furniture; custody of the two children; $350 per month child support; and defendant's obligation to pay all the children's medical, dental, hospital

and drug bills in excess of $25 per month. Plaintiff was to quitclaim her interest in both tracts of real estate to the defendant who was made responsible for the $77,000 debt encumbering the property. The real estate was appraised at $393,000 by plaintiff's appraiser and at $238,000 by defendant's. Defendant was also awarded the farm machinery and livestock.

On October 15, 1976, plaintiff filed a two-count petition pursuant to section 72 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72) asking that the property settlement portion of the divorce decree be set aside because it was unfair, inequitable and unjust and because it was an agreement obtained by coercion. Her amended petition was denied by the trial court which found plaintiff had failed to meet her burden of proof as to these claims. Plaintiff appeals from that order.

Basically, plaintiff's argument is that the property settlement agreement was unfair and unreasonable in light of the station in life and circumstances of the parties. She claims the agreement was not the product of studied and deliberate negotiations. Rather, she claims, the agreement resulted from defendant's coercing her with threats of physical harm and with threats that he would obtain custody of the children by probing in court her relationship with another man. According to plaintiff, defendant told her she would obtain a divorce from him only if she gave him the farms. It is plaintiff's contention that these acts constituted duress sufficient to overcome her free will in entering into the property settlement.

Defendant denies that he told plaintiff the divorce would be on his terms. He argues that plaintiff had ample opportunity to be fully informed and aware of the value of the couple's property and that no information regarding the value of the property was deliberately withheld from her. He points out that both parties were represented by legal counsel and both had equal opportunity to participate in negotiations regarding the agreement.

■■ In affirming the trial court's denial of plaintiff's section 72 petition, we find that nothing was hidden from plaintiff. She was aware, or at least she should have been aware, of the assets belonging to her and her husband. The couple's property and its value had been discussed by them during the marriage. Furthermore, plaintiff was advised of her rights with respect to this property by her attorney who, in fact, advised his client that she could obtain a more favorable settlement. While it is true that this property settlement favored defendant, plaintiff's evidence failed to establish it resulted from fraud. Instead, the record indicates that plaintiff knew she was legally entitled to more than she was agreeing to. Our courts have consistently held in section 72 cases that such a petition is not intended to relieve the petitioner from the consequences of his or her own

mistake, negligence or carelessness. *Martin v. Martin* (1978), 57 Ill. App. 3d 486, 489-90, 373 N.E.2d 602, 605.

■■ ■ Likewise, plaintiff's evidence as to defendant's threat of physical harm to her consisted only of her testimony of having been slapped twice in 7½ years of marriage. Defendant's evidence was that he had neither threatened a custody fight nor making a public scandal, but rather that he had told plaintiff he would like custody of the children and that it would be interesting to pursue the relationship between plaintiff and her male friend. Even had the trial court accepted plaintiff's allegations as true, this scarcely amounts to a showing of coercion or duress. Simply insisting upon using the courts to substantiate what one believes to be his legal rights is not coercive. *Kaplan v. Kaplan* (1962), 25 Ill. 2d 181, 182 N.E.2d 706.

Neither do we find the property settlement agreement to be contrary to law, public policy or morality. During oral arguments plaintiff raised a point not covered in her written brief, namely that section 502 of our new Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 502) codifies the public policy regarding marital property settlements which existed at the time of this divorce. Accordingly, plaintiff claims that public policy required the trial court to make a full inquiry into all assets of the parties, even when both parties were represented by counsel and were in agreement as to all terms of the property agreement. We have been shown no authority to support this claim, and we shall not create it here.

■■ We look favorably upon amicable settlements of property rights between divorcing parties. (*Crawford v. Crawford* (1976), 39 Ill. App. 3d 457, 461, 350 N.E. 103, 107.) This property settlement agreement merged with the parties' divorce decree, and we must enforce it if made fairly and in good faith and we may set it aside only if we find it was procured by fraud or coercion or if it is contrary to law, public policy or morals. (*James v. James* (1958), 14 Ill. 2d 295, 305, 152 N.E.2d 582, 587.) After a full review of the record, we conclude that the trial judge's findings and ruling were neither against the manifest weight of the evidence nor an abuse of his discretion.

For the reasons stated, we affirm the judgment of the Circuit Court of Bond County denying plaintiff's section 72 petition.

Affirmed.

KARNS and KASSERMAN, JJ., concur.