*In re* MARRIAGE OF JOHN A. SPOMER, Petitioner-Appellee, and KATHLEEN F. SPOMER, Respondent-Appellant.

Fifth District   No. 83—69

Opinion filed March 27, 1984.

WELCH, P.J., dissenting.

Robert D. Owen and Leslie L. Veon, both of Owen, Roberts, Susler & Murphy, P.C., of Decatur, for appellant.

Harrison, Lambert and Wilson, of Marion, for appellee.

JUSTICE KARNS delivered the opinion of the court:

The marriage of petitioner John A. Spomer and respondent Kathleen F. Spomer was dissolved by the circuit court of Williamson County on September 9, 1982. The judgment of the circuit court incorporated a marital settlement agreement signed by the parties. On January 17, 1983, respondent's motion to vacate the judgment of dissolution filed pursuant to section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1203) was denied. She appeals.

Respondent raised five arguments in her brief. She asserted that: (1) the trial court erred in failing to ascertain whether the visitation privileges of the separation agreement were reasonable and in the best interests of the child; (2) the trial court erred in denying respondent's motion to vacate where the manifest weight of the evidence demonstrated that respondent executed the agreement under duress; (3) the trial court erred in failing to apply the unconscionability standard to determine whether the separation agreement should be vacated; (4) the trial court erred in not finding the separation agreement unconscionable; and (5) the trial court erred in denying respondent's motion for a change of venue.

Oral arguments were heard on October 18, 1983. Then, on November 21, 1983, respondent filed a "Motion for Modification of Appeal," informing this court that she was married on November 17, 1983. Accordingly, she modified her request that the judgment of dissolution be vacated and now requests that this court "*** vacate only that portion of the trial court's judgment concerning child custody, support and visitation ***." Respondent's motion for modification of her prayer for relief was granted on December 1, 1983.

■ Parties may expressly withdraw or eliminate an argument on appeal even after briefs are filed or the case has been argued. (See *O'Hare International Bank v. Feddeler* (1973), 16 Ill. App. 3d 35, 305 N.E.2d 325; *Cole v. Glasgow* (1946), 329 Ill. App. 176, 67 N.E.2d 312 (abstract).) It is a necessary corollary to that rule that any arguments which depend on the withdrawn issues must also be deemed waived. Here, the respondent has expressly requested this court not to set aside that portion of the judgment of the trial court which dissolved the marriage of the parties, as opposed to the visitation and support provisions of that judgment. Accordingly, we need not address respondent's initial arguments concerning the alleged duress and unconscionability of the marital settlement agreement and concerning allegedly improper venue. After these arguments are eliminated, respondent's sole remaining contention on appeal is that the trial court erred in failing to ascertain whether the visitation privileges and child-support provisions of the agreement were reasonable and in the best interests of the child. We now turn to this argument.

The child, John Waldemar Spomer, was 11 months old when the petition for dissolution of marriage was filed on June 7, 1982. Under the settlement agreement signed by the parties, respondent received custody of the child, petitioner received six weeks of summer visitation, one week at Christmas and one week at Easter, plus alternate legal holidays and birthdays and the paternal grandparents, W. C. Spomer and Dorothy W. Spomer, received one week visitation every two months which shall continue until the child attends school at which time the visitation should not interfere with the child's attendance at school. Petitioner was ordered to pay $250 monthly child support. On appeal, respondent asserts that the trial court erred in awarding visitation privileges to the grandparents and by failing to ascertain the reasonableness of visitation privileges granted to the petitioner and the child support awarded to respondent. Petitioner replies that courts favor written agreements between the parties concerning custody and visitation of a child and that the award of visitation rights to the grandparents was proper.

In her petition to vacate, respondent alleged that she signed the marital settlement agreement under duress and overreaching and that the judgment of dissolution which incorporated this agreement was unconscionable. At the hearing on the motion to vacate, it was asserted that because of Kathleen's physical and mental condition at the time she signed the agreement, the assent to the terms was the result of compulsion exerted on her by her husband and the Spomer family.

The parties' child was born in Hawaii, where both parents were

serving as first lieutenants in the United States Air Force. Kathleen held two master's degrees and was a graduate from the Air Force Intelligence School. Prior to her marriage she had been employed as a speech writer for the Governor of Illinois.

She had suffered complications from a bladder injury incurred in the delivery of her son by caesarean operation. It resulted in her leaving the Air Force and returning to her home in Decatur for surgery. At the date of the hearing she considered herself "a bit disabled" and she was still under the care of several physicians, including a psychiatrist. She testified that she felt at the time she signed the marriage settlement agreement that she could not get a fair hearing in court in Cairo or in the first judicial circuit because of the influence of the Spomer family, her mother-in-law being a retired circuit judge of that circuit and her husband's brother then serving as the resident circuit judge of Alexander County.

Kathleen's motion for change of venue from the First Judicial Circuit was abandoned after the marriage settlement agreement was concluded and the matter was heard in the circuit court of Williamson County by agreement.

The trial court concluded that Kathleen's consent to the marriage settlement agreement was a reasoned one, arrived at over several months of negotiations between her attorney and the attorney for her husband and that she was an active, informed participant in these negotiations. This conclusion finds abundant support in the record, and we conclude that Kathleen's belated assertions of confusion and compulsion are simply not supported by anything appearing in the record of the hearing on her motion to vacate. The terms of the settlement agreement were finally concluded after a lengthy conference at her attorney's office in Decatur, and the final agreement was prepared by her attorney.

■ It appears to us that an award of $250 monthly is not unreasonable support for a 15-month-old child, considering that support awards may be changed from time to time as circumstances dictate. We need say nothing more about the award of child support.

■ This agreement was not the product of duress but of compromise after lengthy negotiations. Measured by any standard, we agree with the trial court that the terms of the agreement are not unconscionable. See Ill. Ann. Stat., ch. 40, par. 502(b), Historical & Practice Notes, at 400-01 (Smith-Hurd 1980); *In re Marriage of Carlson* (1981), 101 Ill. App. 3d 924, 428 N.E.2d 1005.

During these negotiations, Kathleen advised her attorney that she had no objection to grandparental visitation one weekend every

month provided the child would be picked up and returned to her home in Decatur.

In *Beattie v. Beattie* (1977), 53 Ill. App. 3d 501, 368 N.E.2d 178, the court observed that it is normal for a spouse to be nervous and upset at the time of a divorce; however, such a condition cannot serve as a reason to set aside a decree that adopts a separation agreement voluntarily entered into.

■ Complaint is made that the husband filed suit in Alexander County. It cannot be considered coercive to file an action for dissolution in the county of one's residence (*Zeeb v. Zeeb* (1979), 76 Ill. App. 3d 894, 395 N.E.2d 660), nor is it evidence of coercion or overreaching that one should initially seek custody or joint custody of his minor child. As the court observed in *Kaplan v. Kaplan* (1962), 25 Ill. 2d 181, 182 N.E.2d 706, acts or threats cannot constitute duress unless they are wrongful, legally or morally. It is neither legally nor morally wrong for a father to insist on his marital rights in the course of dissolution litigation. The courts have consistently rejected the kind of contentions made here by respondent. See, *e.g.*, *Zeeb v. Zeeb* (1979), 76 Ill. App. 3d 894, 395 N.E.2d 660; *In re Marriage of Nitzkin* (1978), 66 Ill. App. 3d 495, 384 N.E.2d 71; *Beattie v. Beattie* (1977), 53 Ill. App. 3d 501, 360 N.E.2d 178.

Section 502(b) of the Illinois Marriage and Dissolution of Marriage Act provides that the terms of a separation agreement concerning the support, custody and visitation of minor children are not binding upon a court. (Ill. Rev. Stat. 1981, ch. 40, par. 502(b).) The section places upon the court a duty to protect the children involved by carefully examining the separation agreement. An agreement of the parties concerning visitation does not bind the trial court when the best interests of the child are to the contrary. (*In re Marriage of Solomon* (1980), 84 Ill. App. 3d 901, 405 N.E.2d 1289.) Yet, courts have traditionally given great weight to parental agreements regarding child custody, as it may normally reasonably be assumed that parents, considering the best interests of their children, would be in a better position than the court to make these decisions. Section 502(a) of the Act (Ill. Rev. Stat. 1981, ch. 40, par. 502(a)) encourages amicable settlement of all disputes between the parties in dissolution proceedings, including custody and visitation of children.

In *In re Marriage of Ayers* (1980), 82 Ill. App. 3d 164, 402 N.E.2d 401, the issue before the court was child custody, not visitation, nonetheless, the discussion of that issue is instructive here. The court was considering whether stipulated child custody agreements may be adopted by the court under section 602 (Ill. Rev. Stat. 1981, ch. 40,

par. 602) of the Act. This provision requires that the court determine custody in accordance with the best interest of the child after considering certain enumerated factors. The court noted that section 502(a) of the Act provided:

> "(a) To promote amicable settlement of disputes between parties to a marriage attendant upon the dissolution of their marriage, the parties may enter into a written or oral separation agreement containing provisions for disposition of any property owned by either of them, maintenance of either of them and support, custody and *visitation* of their children." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 40, par. 502(a).)

Observing that the terms of a separation agreement are not binding upon the court as to support, custody and visitation, the court concluded:

> "We do not find that the Marriage and Dissolution of Marriage Act requires that parties enter into a child custody battle when they have no desire to do so. Stipulated child custody settlements have long been recognized in this State, unless contrary to the best interests of the child. (See, *e.g., Caulkins v. Caulkins* (1979), 68 Ill. App. 3d 284, 285-86, 385 N.E.2d 1117; *DeFranco v. DeFranco* (1979), 67 Ill. App. 3d 760, 384 N.E.2d 997.)" (*In re Marriage of Ayers* (1980), 82 Ill. App. 3d 164, 172, 402 N.E.2d 401, 407.)

In *In re Marriage of Herron* (1979), 74 Ill. App. 3d 748, 751, 393 N.E.2d 1153, 1155, the court made the same observation regarding an agreement as to split custody of two children:

> "The parents obviously know more about the family than a judge is likely to learn in a short, formal hearing. In a more or less amicable dissolution, the parents' natural desire to do what is best for their children gives any agreement about custody great weight as an indicator of what is in the best interest of the children. Moreover, amicable settlement of custody arrangements is a good thing in itself, for peace between the parents must benefit the children; and a court will hesitate to tamper with what may be a fragile agreement, worked out only with difficulty."

Both parties rely on section 607(b) of the Marriage and Dissolution of Marriage Act to advance their positions regarding grandparental visitation. Respondent argues that section 607(b) of the Act, added by amendment, effective January 1, 1982 (Ill. Rev. Stat. 1981, ch. 40, par. 607(b)), requires a showing of special circumstances before a court can award visitation to grandparents. That section provides:

"The court may grant reasonable visitation privileges to a grandparent or great-grandparent of any minor child upon the grandparents' or great-grandparents' petition to the court, with notice to the parties required to be notified under Section 601 of this Act, if the court determines that it is in the best interest and welfare of the child and may issue any necessary orders to enforce such visitation privileges."

■ We believe, however, that this provision is applicable when the grandparents are seeking visitation and the custodial parent or parents are resisting such visitation. Since it provides that the grandparents may *petition* the court, it obviously envisions a dispute that must be resolved by the court. We conclude this provision was intended to change the law that had been developed in prior decisions of the courts. See Ill. Ann. Stat. ch. 40, par. 607(b), Historical and Practice Notes, at 22 (Smith-Hurd 1983 Supp.).

Prior to this amendment, visitation rights could be granted to grandparents over the objection of the custodial parent only under special circumstances. (*Chodzko v. Chodzko* (1976), 66 Ill. 2d 28, 360 N.E.2d 60; *Hawkins v. Hawkins* (1981), 102 Ill. App. 3d 1037, 430 N.E.2d 652.) Special circumstances cited with approval by the Illinois Supreme Court in *Chodzko* included: when the father was inducted into the armed forces and sent to a post which precluded virtually all contact with the child (*Solomon v. Solomon* (1943), 319 Ill. App. 618, 49 N.E.2d 807); when the father had died and his parents were trustees of a fund for the benefit of the child (*Lucchesi v. Lucchesi* (1947), 330 Ill. App. 506, 71 N.E.2d 920); and, when the mother had died and her parents had a close relationship with the child (*Boyles v. Boyles* (1973), 14 Ill. App. 3d 602, 302 N.E.2d 199). (*Chodzko v. Chodzko* (1976), 66 Ill. 2d 28, 360 N.E.2d 60.) The court reasoned that natural parents had a superior custodial right which should not be interfered with by a court in the absence of unusual circumstances.

In short, section 607(b) does not limit the court's power to grant grandparental visitation where the parties have by agreement requested the court to grant such visitation. For a contrary view, see *Hawkins v. Hawkins* (1981), 102 Ill. App. 3d 1037, 430 N.E.2d 652 (Barry, J., specially concurring).

■ The trial court's written "Judgment for Dissolution of Marriage," filed September 9, 1982, included the following findings:

"7. THAT one child was born to the said marriage, namely John Waldemar Spomer, born June 18, 1981, and that no child or children were adopted by the parties, and the Respondent is not now pregnant.

8. THAT it is in the best interests of said minor child that his care, custody, control and education be awarded to Respondent, subject to the right of reasonable visitation to the Petitioner, and to the grandparents of said minor child, in accordance with the terms of the written Marital Settlement Agreement hereinafter mentioned."

Respondent readily agreed to the award of such visitation at the time of the entry of the decree of dissolution. The Act, as amended, recognizes that grandparents, as well as noncustodial parents, should continue to enjoy a close familial relationship with children even though the parents are unable to sustain their marriage. Here the father is a member of the military, subject to be stationed in places where he might be unable to exercise his visitation privileges, and, of course, the grandparents would not be entitled to exercise their son's visitation privileges. If the court must find a "special circumstance" before grandparents may be awarded visitation rights, the son's service in the armed forces would be such a circumstance. (*Solomon v. Solomon* (1943), 319 Ill. App. 618, 49 N.E.2d 807.) No suggestion was made that the exercise of visitation privileges by the father or grandparents had in any way been harmful to the child and no specific reason was given why such visitation was not in the child's best interest.

We believe no showing has been made that would justify vacation of the provisions of the dissolution decree relating to visitation and child support. If in fact future events should prove such visitation not in the best interest of the child, the proper course would be modification of these dispositions at that time as authorized under section 502(f) of the Act (Ill. Rev. Stat. 1981, ch. 40, par. 502(f)).

The judgment of the circuit court of Williamson County is therefore affirmed.

Affirmed.

KASSERMAN, J., concurs.

PRESIDING JUSTICE WELCH, dissenting:

The trial court's written order of September 9, 1982, recited that it is in the best interests of the child to award the grandparents, Mr. W. C. Spomer and Justice Dorothy W. Spomer, substantial visitation privileges. The majority holds that no showing has been made which would justify vacation of the visitation provisions. I believe the majority's decision overlooks the fact that no evidence was presented at the September 9, 1982, hearing from which the trial court could have

found that the visitation provisions of the separation agreement were reasonable or in the best interest of the child. The trial court made no inquiry about facts or circumstances which would have made it in the child's best interests to be separated from his natural mother at such a young age by such frequent grandparent visitation.

I would hold that the marital separation agreement provisions on visitation were not binding on the court and should not have been adopted absent facts and circumstances of record which supported the trial court's conclusion as to the best interests of the child. (Ill. Rev. Stat. 1981, ch. 40, par. 502(b).) In addition, the marital separation agreement provisions as to grandparent visitation are improper absent facts and circumstances of record which establish that such visitation, beyond that granted to the natural father, is in the best interests of the child under section 607(b). (Ill. Rev. Stat. 1981, ch. 40, par. 607(b).) I would reverse those portions of the judgment of dissolution pertaining to child visitation and remand for further determination of visitation provisions based on evidence of the child's best interests.