**Hortense G. Solomon, Now Known as Hortense G. Stone, Appellant, v. Harold N. Solomon, Appellee.**

**Gen. No. 42,667.**

Opinion filed June 16, 1943. Rehearing denied June 28, 1943.

Welch & Hoffman, of Chicago, for appellant; Maurice L. Davis, of Chicago, of counsel.

Rothbart & Rosenfield, of Chicago, for appellee; Edward Rothbart, of Chicago, of counsel.

Mr. Justice Friend delivered the opinion of the court.

By decree of the superior court entered on April 28, 1938, plaintiff was granted a divorce from defendant and awarded the custody of their son, then approximately two years old. Under the terms of the decree and subsequent orders entered, the father was given the right to visit and take the child out with him on certain days each week and during vacation periods. Plaintiff remarried in 1941. Defendant was notified that he would be inducted into the armed forces of the United States on October 9, 1942, and was ordered to report for active duty on October 23. Pending his induction, the court awarded him the custody of the child for four days, and provision was made that in the event any furlough were given him, plaintiff would appear in court on six hours' notice, without the formality of a petition, to determine the matter of the custody of the child during the period of such furlough. In January 1943 defendant, who had been assigned for training to Camp Adair in the State of Oregon, through his counsel filed a petition alleging, in substance, that it was impossible for him to obtain a furlough, that the distance between Oregon and Chicago was so great as to make travel impossible, that prior to his induction into the army it was customary for his child to spend week-ends with him in the home of his parents, that his only method of maintaining contact with his child was through his parents, who had demonstrated a great affection and love for the child, and he asked that reasonable rights of visitation be granted to his parents during his absence in the military service. Plaintiff denied the material allega-

tions of the petition, averred that defendant had theretofore sought the same relief, which was denied by the court, alleged that the parents and brother of the defendant were emotionally and temperamentally unstable, that the parents of defendant were without legal right to the custody of the child, and that the proper interests of the minor would not be best served by granting defendant's petition.

The chancellor, who was familiar with the cause, pursuant to an agreement between the parties in court, interviewed the minor child in chambers, out of the presence of any of the parties or their counsel, and satisfied himself, as he stated, that the minor had a friendly feeling for his grandmother, "likes to go there," and that he would not be in any wise injured by visiting his grandparents. The court also stated that plaintiff had called on him in chambers for a consultation with respect to the proposed right of visitation by the grandparents, and as a result of his interview with plaintiff and his interrogation of the minor, he considered it unnecessary to hear further evidence, and there appearing to be no valid reason why the boy should not visit his grandparents' home, the court allowed the defendant's petition and entered an order which provided that the minor should be allowed to visit with his grandparents on Saturday of each week from 10:00 to 12:00 o'clock in the forenoon. Plaintiff appeals from that order.

Plaintiff's counsel urge two principal grounds for reversal: (1) as against the paternal grandparents of a minor child, the mother is entitled to the exclusive care and custody of the child where her fitness is unquestioned; and (2) plaintiff was entitled to be heard and to offer evidence in opposition to defendant's application for the award of partial custody of the child to the paternal grandparents. With respect to the legal aspect of the case, Illinois courts have, on several occasions, held that as against grandparents or in-

laws, a parent has the right of exclusive care and custody of his child, unless he has forfeited that right by some act of his own or unless he is deemed unfit to assume that responsibility. *People v. Sheehan,* 373 Ill. 79; *Kulan v. Anderson,* 300 Ill. App. 267; and *Schneeman v. Schneeman,* 317 Ill. App. 286. However, all these cases can be easily distinguished on the facts from the circumstances in this proceeding. In *People v. Sheehan,* the mother had died, and a dispute existed between the grandparents and father as to the right of custody of the child. In *Kulan v. Anderson,* the mother had died in childbirth, and a controversy arose between an aunt and the father as to the custody of the child. In *Schneeman v. Schneeman,* the mother lived in Germany and had indicated her intention of remaining there, and the maternal grandmother, who was temporarily visiting in the United States, sought the custody of the child against the father, who was an American citizen and a fit person. Both the mother and maternal grandmother were alien enemies, and under the circumstances we held that the father was entitled to the custody of the child.

In the case at bar a substantial portion of the original decree deals with the custody of the child in considerable detail, and all the orders that were entered after the original decree were merely modifications of the right of the father to visit with and have temporary custody of his son during the year and on vacations. If he had not been called into the armed service, he would have had the right, under the decree, to take his son week-ends and allow him to visit his grandparents regularly; and unless there is some circumstance not disclosed of record which would make it inimical to the interests of the child to allow him to spend two hours a week with his grandparents, we think such an order as was entered would not be a departure from or in conflict with any of the cases upon which plaintiff relies.

Nor is it of minor importance that men in the service should be relieved of unnecessary worry over existing relationships at home. Defendant is greatly exercised over the refusal of plaintiff to allow his son to visit the paternal grandparents for a short period each week and thus preserve the principal contact which he has with him. Under the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended (sec. 201, 50 USCA, Appendix, sec. 521), courts are empowered to defer litigation involving men in the service. The underlying purpose of that act is not only to preserve their rights and property interests during their absence, but to remove every inhibition which would interfere with their full devotion to the important tasks at hand. The policy of the courts is well expressed in the recent case of *McGlynn v. McGlynn*, 35 N. Y. S. (2d) 6 (decided May 13, 1942), wherein the court suspended operation of an order requiring a husband in military service to pay alimony to his wife, with the following comment: "At all hazards every inhibition must be deferred so that he is physically, mentally and spiritually free to devote himself to the greatest task ever to confront him and his country."

However, plaintiff averred in her answer that the grandparents and defendant's brother, who resides with them, are emotionally and temperamentally unstable, and that it would not serve the best interests of the minor to allow him to visit them "because of the disturbances in their home." It may well be that Judge GRABER touched upon these circumstances in his interview with plaintiff, but the record does not indicate what the subject of the conversation was, and since plaintiff insists that she was entitled to be heard and to offer evidence in opposition to defendant's application for the right of visitation of the paternal grandparents, we think she should be accorded that privilege.

Accordingly, the order of February 25, 1943 is reversed, and the cause is remanded, with the sole direction that the court hear such competent evidence as the parties may have to offer touching upon the fitness of the paternal grandparents to receive the child in their home as ordered by the court.

*Order reversed and cause remanded with direction.*

SULLIVAN, P. J., and SCANLAN, J., concur.