*In re* VISITATION WITH C.B.L., a Minor (A.B., Petitioner-Appellant, v. H.L., Respondent-Appellee).

First District (4th Division)   No. 1—98—2011

Opinion filed December 16, 1999.—Rehearing denied January 24, 2000.

Heather C. Sawyer, of Lambda Legal Defense & Education Fund, Inc., and Rosemary S. Mulryan, of Mulryan & York, and Bruce A. Boyer, Steven A. Drizin, and Jonathan M. Kaden, law student, all of Northwestern University Legal Clinic, all of Chicago, for appellant.

Leon I. Finkel and Jason G. Adess, both of Kalcheim, Schatz & Berger, of Chicago, for appellee.

JUSTICE HOURIHANE delivered the opinion of the court:

Petitioner A.B. appeals from an order of the circuit court which dismissed her petition for visitation with minor C.B.L. for lack of standing. On appeal, petitioner contends she alleged facts sufficient to establish her standing, as a common law *de facto* parent or as an individual *in loco parentis*, to petition for visitation with C.B.L.

For the reasons that follow, we affirm.

## BACKGROUND

In July 1997, petitioner sought an order from the circuit court granting her visitation with C.B.L. pursuant to section 607 of the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (750 ILCS 5/607 (West 1998)). Petitioner also requested "such other relief as [the circuit court] deem[ed] equitable and just." The facts set forth within the underlying petition for visitation are undisputed. Petitioner and respondent, H.L., met in 1984. A long-term lesbian relationship followed. Respondent was artificially inseminated in 1993. She gave birth to C.B.L. in December of that same year. Petitioner was dutifully involved in all of the preparations prior to the birth. She was also equally involved in the care of C.B.L. for the next year and a half. In 1995, petitioner and respondent ended their relationship. Respondent moved to Chicago with C.B.L. in 1996. Petitioner has been refused all contact with C.B.L. since March 1997.

In response to the aforementioned petition, respondent moved the circuit court for dismissal pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1998)). Respondent argued that petitioner lacked standing under section 607 of the Marriage Act in that she was neither a parent, grandparent, great-grandparent nor sibling of C.B.L.

Petitioner answered, claiming that as a former lesbian life partner of respondent, she had standing to petition for visitation with C.B.L. Petitioner argued that she had alleged facts sufficient to establish her standing as a common law *de facto* parent or as an individual *in loco parentis* to C.B.L.

The circuit court dismissed the petition for visitation. It specifically held that the common law did not apply.

This appeal followed.[1]

## DISCUSSION

On appeal, petitioner has abandoned her contention that the allegations within her petition were sufficient to establish her standing under section 607 of the Marriage Act. Petitioner solely contends on appeal that the allegations within her petition were sufficient to provide her standing as a common law *de facto* parent or as an individual *in loco parentis* to C.B.L.

For decades prior to any express statutory pronouncement, Illinois courts recognized the standing of grandparents to petition for visitation with minor grandchildren under certain special circumstances. *E.g., Boyles v. Boyles*, 14 Ill. App. 3d 602, 604, 302 N.E.2d 199 (1973); *Lucchesi v. Lucchesi*, 330 Ill. App. 506, 511-12, 71 N.E.2d 920 (1947); *Solomon v. Solomon*, 319 Ill. App. 618, 621-22, 49 N.E.2d 807 (1943). Even after the enactment of the Marriage Act, which expressly provided for visitation for noncustodial parents (Ill. Rev. Stat. 1977, ch. 40, par. 607), Illinois courts continued to recognize the common law standing of grandparents to petition for visitation with minor grandchildren under special circumstances. *Hawkins v. Hawkins*, 102 Ill. App. 3d 1037, 1039, 430 N.E.2d 652 (1981). Eventually, our General Assembly codified the common law of grandparent visitation within section 607 of the Marriage Act. *West v. West*, 294 Ill. App. 3d 356, 361, 689 N.E.2d 1215 (1998); see Ill. Rev. Stat. 1981, ch. 40, par. 607(b). Several other amendments to section 607 followed. *West*, 294 Ill. App. 3d at 361. Through the intervening years, great-grandparents, siblings and stepparents have all been afforded standing to petition for visitation with a minor under section 607. See 750 ILCS 5/607(b) (West 1998).

██ A statute that concerns an area formerly covered by the common law, such as section 607 of the Marriage Act, "should be construed as adopting the common law unless there is clear and specific language showing that a change in the common law was intended by the

---

[1]As a part of this appeal, the Children and Family Justice Center of Northwestern University Legal Clinic was granted leave to appear and file a brief, as *amicus curiae*, in support of petitioner. 155 Ill. 2d R. 345.

legislature." *Proud v. W.S. Bills & Sons, Inc.*, 119 Ill. App. 2d 33, 45, 255 N.E.2d 64 (1970); *Filtertek, Inc. v. Department of Revenue*, 186 Ill. App. 3d 208, 217, 541 N.E.2d 1385 (1989); *Balmes v. Hiab-Foco, A.B.*, 105 Ill. App. 3d 572, 574-75, 434 N.E.2d 482 (1982); *Berlin v. Nathan*, 64 Ill. App. 3d 940, 956, 381 N.E.2d 1367 (1978). A change in the common law may also be shown through the enactment of general and comprehensive legislation which specifically describes "course of conduct, parties, things affected, limitations and exceptions." 2B N. Singer, Sutherland on Statutory Construction § 50.05 (5th ed. 1992). Such legislation "indicates a legislative intent that the statute should totally supersede and replace the common law dealing with the subject matter." 2B N. Singer, Sutherland on Statutory Construction § 50.05 (5th ed. 1992). Section 607 of the Marriage Act is such a statute. Since its enactment in 1977, section 607 has evolved from a simple, straightforward codification of the common law of parental visitation to a complex and ever-growing statutory provision.[2] Indeed, section

---

[2]As originally enacted, section 607 provided as follows:

"(a) A parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would endanger seriously the child's physical, mental, moral or emotional health.

(b) The court may modify an order granting or denying visitation rights whenever modification would serve the best interest of the child; but the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger seriously the child's physical, mental, moral or emotional health." Ill. Rev. Stat. 1977, ch. 40, par. 607.

Today, section 607 provides the following:

"(a) A parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would endanger seriously the child's physical, mental, moral or emotional health. If the custodian's street address is not identified, pursuant to Section 708, the court shall require the parties to identify reasonable alternative arrangements for visitation by a non-custodial parent, including but not limited to visitation of the minor child at the residence of another person or at a local public or private facility.

(b)(1) The court may grant reasonable visitation privileges to a grandparent, great-grandparent, or sibling of any minor child upon petition to the court by the grandparents or great-grandparents or on behalf of the sibling, with notice to the parties required to be notified under Section 601 of this Act, if the court determines that it is in the best interests and welfare of the child, and may issue any necessary orders to enforce such visitation privileges. Except as provided in

607 presently constitutes a detailed and comprehensive legislative

paragraph (2) of this subsection (b), a petition for visitation privileges may be filed under this paragraph (1) whether or not a petition pursuant to this Act has been previously filed or is currently pending if one or more of the following circumstances exist:

(A) the parents are not currently cohabiting on a permanent or an indefinite basis;

(B) one of the parents has been absent from the marital abode for more than one month without the spouse knowing his or her whereabouts;

(C) one of the parents is deceased;

(D) one of the parents joins in the petition with the grandparents, great-grandparents, or sibling; or

(E) a sibling is in State custody.

(1.5) The Court may grant reasonable visitation privileges to a stepparent upon petition to the court by the stepparent, with notice to the parties required to be notified under Section 601 of this Act, if the court determines that it is in the best interests and welfare of the child, and may issue any necessary orders to enforce those visitation privileges. A petition for visitation privileges may be filed under this paragraph (1.5) whether or not a petition pursuant to this Act has been previously filed or is currently pending if the following circumstances are met:

(A) the child is at least 12 years old;

(B) the child resided continuously with the parent and stepparent for at least 5 years;

(C) the parent is deceased or is disabled and is unable to care for the child;

(D) the child wishes to have reasonable visitation with the stepparent; and

(E) the stepparent was providing for the care, control, and welfare to the child prior to the initiation of the petition for visitation.

(2)(A) A petition for visitation privileges shall not be filed pursuant to this subsection (b) by the parents or grandparents of a putative father if the paternity of the putative father has not been legally established.

(B) A petition for visitation privileges may not be filed under this subsection (b) if the child who is the subject of the grandparents' or great-grandparents' petition has been voluntarily surrendered by the parent or parents, except for a surrender to the Illinois Department of Children and Family Services or a foster care facility, or has been previously adopted by an individual or individuals who are not related to the biological parents of the child or is the subject of a pending adoption petition by an individual or individuals who are not related to the biological parents of the child.

enactment on the subject of visitation. Not only does it categorize

(3) When one parent is deceased, the surviving parent shall not interfere with the visitation rights of the grandparents.

(c) The court may modify an order granting or denying visitation rights whenever modification would serve the best interest of the child; but the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger seriously the child's physical, mental, moral or emotional health.

(d) If any court has entered an order prohibiting a non-custodial parent of a child from any contact with a child or restricting the non-custodial parent's contact with the child, the following provisions shall apply:

(1) If an order has been entered granting visitation privileges with the child to a grandparent or great-grandparent who is related to the child through the non-custodial parent, the visitation privileges of the grandparent or great-grandparent may be revoked if:

(i) a court has entered an order prohibiting the non-custodial parent from any contact with the child, and the grandparent or great-grandparent is found to have used his or her visitation privileges to facilitate contact between the child and the non-custodial parent; or

(ii) a court has entered an order restricting the non-custodial parent's contact with the child, and the grandparent or great-grandparent is found to have used his or her visitation privileges to facilitate contact between the child and the non-custodial parent in a manner that violates the terms of the order restricting the non-custodial parent's contact with the child.

Nothing in this subdivision (1) limits the authority of the court to enforce its orders in any manner permitted by law.

(2) Any order granting visitation privileges with the child to a grandparent or great-grandparent who is related to the child through the non-custodial parent shall contain the following provision:

'If the (grandparent or great-grandparent, whichever is applicable) who has been granted visitation privileges under this order uses the visitation privileges to facilitate contact between the child and the child's non-custodial parent, the visitation privileges granted under this order shall be permanently revoked.'

(e) No parent, not granted custody or the child, or grandparent, or great-grandparent, or stepparent, or sibling of any minor child, convicted of any offense involving an illegal sex act perpetrated upon a victim less than 18 years of age including but not limited to offenses for violations of Article 12 of the Criminal Code of 1961, is entitled to visitation rights while incarcerated or while on parole, probation, conditional discharge, periodic imprisonment, or mandatory supervised

those persons who may petition for visitation, but section 607 also qualifies each with numerous requirements and circumstances that must be met before such a petition will even merit consideration. See 750 ILCS 5/607(b) (West 1998). Those requirements and circumstances are myriad. Those requirements and circumstances are also equally detailed and specific. No longer is section 607 simply a codification of prior common law. It has been altered far too many times by amendments far too complex and comprehensive for such a narrow conception of that statutory section to retain any further validity. Section 607, therefore, must now be understood and construed as a statutory provision intended by our General Assembly to supersede and supplant the common law of visitation in Illinois. Consequently, to contend that the common law affords her standing to petition for visitation with C.B.L., as petitioner does, is without merit. Standing to petition for visitation with C.B.L., if it is to exist, must be found solely within the specific provisions of section 607.

■ As previously noted, petitioner has affirmatively conceded her lack of standing under section 607. That concession is dispositive of this appeal, for without such standing, petitioner can claim no error in the dismissal of her petition for visitation with C.B.L.

Finally, this court is not unmindful of the fact that our evolving social structures have created nontraditional relationships. This court, however, has no authority to ignore the manifest intent of our General Assembly. Who shall have standing to petition for visitation with a

---

release for that offense, and upon discharge from incarceration for a misdemeanor offense or upon discharge from parole, probation, conditional discharge, periodic imprisonment, or mandatory supervised release for a felony offense, visitation shall be denied until the person successfully completes a treatment program approved by the court.

(f) Unless the court determines, after considering all relevant factors, including but not limited to those set forth in Section 602(a), that it would be in the best interests of the child to allow visitation, the court shall not enter an order providing visitation rights and pursuant to a motion to modify visitation shall revoke visitation rights previously granted to any person who would otherwise be entitled to petition for visitation rights under the Section who has been convicted of first degree murder of the parent, grandparent, great-grandparent, or sibling of the child who is the subject of the order. Until an order is entered pursuant to this subsection, no person shall visit, with the child present, a person who has been convicted of first degree murder of the parent, grandparent, great-grandparent, or sibling of the child without the consent of the child's parent, other than a parent convicted of first degree murder as set forth herein, or legal guardian." 750 ILCS 5/607 (West 1998).

minor is an issue of complex social significance. Such an issue demands a comprehensive legislative solution. That solution is provided, by our General Assembly, within section 607.

## CONCLUSION

For the aforementioned reasons, we affirm the order of the circuit court.

Affirmed.

THEIS, P.J., and HARTMAN, J., concur.