*In re* MARRIAGE OF MARY PETERS SULLIVAN, n/k/a Mary Peters, Petitioner-Appellee, and EUGENE SULLIVAN, Respondent-Appellant.

Second District   No. 2—03—0080

Opinion filed August 6, 2003.

Michael T. Navigato, of Bochte & Kuzniar, P.C., of St. Charles, for appellant.

George S. Frederick, of Mirabella & Kincaid, P.C., of Wheaton, for appellee.

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

The respondent, Eugene Sullivan, appeals from the January 13, 2003, order of the circuit court of Du Page County dismissing his petition to allow his family to visit with his son while he was serving on active military duty. We reverse and remand for additional proceedings.

The parties' marriage was dissolved on October 24, 1997. Custody of the parties' one child, Samuel, born on August 13, 1993, was awarded to the petitioner, Mary Peters. Eugene was awarded visitation rights. On September 13, 2002, Mary filed petitions seeking to modify child support and to adjudicate Eugene in indirect civil contempt for failing to maintain medical insurance for Samuel. During these postdissolution proceedings, Eugene filed a petition to permit his family to have continued visitation with his son while he was on active military duty. Eugene's petition did not specify the statutory basis for his request for relief. Eugene's petition alleged that he was a member of the armed services and that he was being ordered to active military duty in October 2002 for a one- or two-year period. His petition further alleged that while he was deployed on active duty, it would be in the best interests of his son to continue his visitation schedule with Eugene's family. The petition alleged that Mary would prevent

Samuel from visiting with Eugene's family while Eugene was on active military duty. Eugene's petition therefore requested the trial court to order that Samuel be permitted to visit with Eugene's family members on Eugene's scheduled visitation days as long as Eugene was away on military duty.

On October 22, 2002, Mary filed a motion to dismiss Eugene's petition pursuant to sections 2—619(a)(1) and (a)(4) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(1), (a)(4) (West 2002)). She argued that, based on *Wickham v. Byrne*, 199 Ill. 2d 309 (2002), the trial court lacked subject matter jurisdiction to grant Eugene the relief he requested.

On January 6, 2003, the trial court entered its written findings and dismissed Eugene's petition on subject matter jurisdiction grounds. The trial court explained that Eugene was essentially requesting grandparent visitation or treating visitation as a chose in action that he could assign, neither of which was permissible. On January 13, 2003, the trial court entered an order consistent with its written findings. The trial court also found that pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)), there was no reason to delay enforcement of the order. Eugene thereafter filed a timely notice of appeal.

On appeal, Eugene argues that the trial court erred in granting Mary's section 2—619 motion to dismiss his petition to allow his family to visit his son while he was away on active military duty. Specifically, Eugene contends that the trial court erred in determining that it lacked subject matter jurisdiction to grant him the relief that he requested. Eugene argues that, under the common law, the trial court was permitted to award his family visitation rights upon the showing of special circumstances.

■ At the outset, we note that Mary argues that Eugene has waived his contention as to whether jurisdiction for his petition existed under the common law because he failed to raise that issue before the trial court. However, because parties cannot waive an issue of subject matter jurisdiction (*Currie v. Lao*, 148 Ill. 2d 151, 157 (1992)), we will consider the merits of his contention.

■ The primary purpose of section 2—619 is to afford a means of obtaining, at the outset of a case, a summary disposition of issues of law and of easily proved questions of fact. *Clay v. Kuhl*, 297 Ill. App. 3d 15, 19 (1998). Under section 2—619(a)(1), a defendant may raise the trial court's lack of subject matter jurisdiction as a defense to the action. 735 ILCS 5/2—619(a)(1) (West 2002). When the defendant files a motion to dismiss pursuant to section 2—619, all well-pleaded facts and reasonable inferences are accepted as true for purposes of the mo-

tion; conclusions of law, however, are not accepted as true. *Evans v. General Motors Corp.*, 314 Ill. App. 3d 609, 614 (2000). A reviewing court should conduct an independent review of the propriety of dismissing the complaint and is not required to defer to the trial court's reasoning. *Clay*, 297 Ill. App. 3d at 19.

■ Subject matter jurisdiction refers to the power of the court to hear and determine cases of the general class to which the proceeding in question belongs. *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002). With the exception of the circuit court's power to review administrative action, which is conferred by statute, a circuit court's subject matter jurisdiction is conferred entirely by our state constitution. Ill. Const. 1970, art. VI, § 9; *In re Lawrence M.*, 172 Ill. 2d 523, 529 (1996). Thus, in order to invoke the subject matter jurisdiction of the circuit court, a plaintiff's case, as framed by the complaint or the petition, must merely present a justiciable issue. *Belleville Toyota*, 199 Ill. 2d at 334; see also *People v. Western Tire Auto Stores, Inc.*, 32 Ill. 2d 527, 530 (1965) (the test of the presence of subject matter jurisdiction is found in the nature of the case as made by the complaint and the relief sought).

■ The record reveals that Eugene's petition was essentially a request for a modification of his visitation rights. Section 607(c) of the Illinois Marriage and Dissolution of Marriage Act (the Dissolution Act) provides that a "court may modify an order granting or denying visitation rights of a parent whenever modification would serve the best interests of the child." 750 ILCS 5/607(c) (West 2002). Thus, the issue becomes whether the trial court could grant Eugene's requested relief and allow his family to exercise his visitation rights when he was serving overseas in the military.

Issues pertaining to child custody and visitation were governed by common law prior to the enactment of any statutory scheme regulating these areas of law. *In re Visitation With C.B.L.*, 309 Ill. App. 3d 888, 890 (1999). At common law, courts were permitted to award visitation to a parent's family members when special circumstances were shown. *Bush v. Squellati*, 122 Ill. 2d 153, 155 (1988); *Solomon v. Solomon*, 319 Ill. App. 618, 621-22' (1943). In *Solomon*, the father petitioned the trial court to permit his parents to have visitation with his child while he was on active military duty in World War II. The reviewing court determined that the granting of visitation was not improper based on the father's special circumstances. *Solomon*, 319 Ill. App. at 621. The court found that if the father had not been called into the armed services, he would have had the right to visit with his son on weekends and allow his son to visit with the grandparents regularly. *Solomon*, 319 Ill. App. at 621. The court further found that,

while the father was serving in the military, he should not be forced to unnecessarily worry about existing relationships at home. *Solomon*, 319 Ill. App. at 622. The court explained that under the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940 (the Soldiers' Relief Act) (50 U.S.C. app. § 521 *et seq.* (2000)), courts were empowered to remove every inhibition that would interfere with a soldier's full devotion to his important task of service for his country. *Solomon*, 319 Ill. App. at 622. The court therefore suggested that the best way to ensure that contact would continue between the father and his child, and that the father would not worry about his existing relationships at home, was to allow the child to visit with his grandparents while the father was away. *Solomon*, 319 Ill. App. at 621-22.

Like the father in *Solomon*, Eugene is a soldier entitled to the protections afforded by the Soldiers' Relief Act. See generally *In re Marriage of Brazas*, 278 Ill. App. 3d 1, 3 (1996) (the Soldiers' Relief Act confers substantial rights and should be liberally construed). Thus, under common law and the Soldiers' Relief Act, based on his service in the military overseas, Eugene would have had the right to petition to have his family visit his son in his absence. See *Solomon*, 319 Ill. App. at 621-22.

In 1977, the legislature enacted the Dissolution Act. *C.B.L.*, 309 Ill. App. 3d at 890. As part of the Dissolution Act, the legislature enacted section 607(a), which provided that a parent not awarded custody of his child was entitled to reasonable visitation rights with his child. 750 ILCS 5/607(a) (West 2002). Section 607(b) provided that a court may grant grandparents reasonable visitation privileges to their grandchildren. 750 ILCS 5/607(b) (West 2000). Section 607(b)(1)(D) provided that grandparents or certain other relatives could seek visitation with the child or children at issue if one of the parents joined in the petition. 750 ILCS 5/607(b)(1)(D) (West 2000). Thus, under this provision, the trial court had authority to award visitation rights to a parent's family if the parent himself requested that such visitation be awarded. The effect of the Dissolution Act was to supersede and replace the common law with regard to the subject matter it addressed. See *C.B.L.*, 309 Ill. App. 3d at 894.

■ ■ However, in 2002, the Illinois Supreme Court determined that sections 607(b)(1) and (b)(3) of the Dissolution Act, which authorized grandparent visitation, were unconstitutional. See *Wickham v. Byrne*, 199 Ill. 2d 309, 322 (2002). The court held that the statute was unconstitutional because it contravened the traditional presumption that parents are fit and act in the best interests of their children. *Wickham*, 199 Ill. 2d at 320.

When a court determines that a statute is unconstitutional, the

statute is void *ab initio*. *People v. Gersch*, 135 Ill. 2d 384, 390 (1990). It is as if the statute never existed from its inception. *People v. Zeisler*, 125 Ill. 2d 42, 46 (1988). In fact, the legal effect of declaring a statute unconstitutional is to relegate the parties such rights as obtained prior to the enactment of the unconstitutional statute. *Geneva Construction Co. v. Martin Transfer & Storage Co.*, 4 Ill. 2d 273, 277 (1954). Accordingly, as sections 607(b)(1) and (b)(3) are unconstitutional, the effect is that the law returns to how it was before the enactment of the statute. As discussed above, the state of the law prior to the enactment of sections 607(b)(1) and (b)(3) would have allowed Eugene to receive the relief that he was seeking: to have his parents visit his child in his absence. See *Solomon*, 319 Ill. App. 3d at 621-22. We therefore hold that the trial court erred in dismissing Eugene's petition on subject matter jurisdiction grounds.

In so ruling, we note that Mary's reliance on *Wickham* is misplaced. Unlike *Wickham*, the present case does not involve grandparents filing petitions in their own capacity seeking to visit their grandchildren. Rather, this case involves a father petitioning to modify his visitation rights so that his family can visit his son while he is serving in the military overseas. As such, unlike *Wickham*, this case does not involve a judge deciding what is in the best interest of a child between a fit parent and a nonparent. See *Wickham*, 199 Ill. 2d at 320-21. Instead, this case involves the trial court's weighing of the wishes of two fit parents to determine what is in the child's best interests. Under section 607(c) of the Dissolution Act, the trial court has the authority to make such a determination.

Finally, we note that Mary contends that because she is the child's custodial parent, she has the right to determine with whom her child associates. Although this argument is not without some merit, it does not affect whether the trial court had jurisdiction to consider Eugene's petition. Rather, this argument should be considered in the context of a best interest hearing pursuant to section 602 and section 607(c) of the Dissolution Act (750 ILCS 5/602, 607(c) (West 2002)) to determine if modifying Eugene's visitation rights in the manner he requests is appropriate. Furthermore, beyond considering the relevant factors under section 602, the trial court should also consider the policy announciated in *Solomon* as to the importance of maintaining a bond between a child and his parent serving in the armed forces.

For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed and remanded with directions that the trial court conduct a hearing in accordance with sections 602 and 607(c) of the Dissolution Act to determine if it is in the child's best interests that Eugene's visitation rights be modified to allow Eugene's

family to visit with the child while Eugene is serving in the military overseas.

Reversed and remanded with directions.

GROMETER and BYRNE, JJ., concur.