FOURTH DIVISION

June 24, 2004

No. 1-03-2385 

HOLLY BEURKSEN, n.k.a., Holly Seidel, ) Appeal from the 

) Circuit Court of

Petitioner-Appellee and Third-Party )  Cook County.

Respondent-Appellee, )

)

v. ) 

)

DUANE GRAFF, ) No. 94 D 18147 

)                    

Respondent-Appellee )  

____________________________ ) 

)      

(Lana J. Kuba, )     Honorable  

)           Drella C. Savage, 

Third-Party Petitioner-Appellant). ) Judge Presiding.

JUSTICE GREIMAN delivered the opinion of the court:

Lana J. Kuba appeals from an order of the circuit court of Cook County vacating a previous order providing her with visitation rights pursuant to section 607(b) of the Illinois Marriage and Dissolution of Marriage Act (Act), commonly called the grandparent visitation statute (750 ILCS 5/607(b) (West 1998)).  We affirm.

The procedural background of this case is as follows.  On June 11, 1998, Kuba filed a petition seeking overnight visitation with her grandson pursuant to the grandparent visitation statute (750 ILCS 5/607(b) (West 1998).  On July 29, 1998, the court granted Kuba's petition, ordering that she have certain periods of visitation, both overnight and during summer vacation.  On June 14, 2002, 
the child's mother, Holly Seidel, filed a motion seeking to vacate the 1998 order arguing that the order was void because the grandparent visitation statute had recently been declared facially unconstitutional by the Illinois Supreme Court in 
Wickham v. Byrne
, 199 Ill. 2d 309 (2002).  The trial court granted Seidel's petition and vacated the previous visitation order.  This appeal ensued.  

We begin by noting that the parties do not dispute the unconstitutionality of the grandparent visitation statute but, rather, the effect of such upon their existing visitation arrangement.  Seidel argues, and the trial court found that, as a result of the 
Wickham
 decision, the grandparent visitation statute is void 
ab initio
 and that the 
previous visitation order is a nullity
.  Kuba argues that even though the grandparent visitation statute has been declared unconstitutional, she nevertheless retains a common law right to seek visitation.  As such, Kuba requests that we reverse the trial court's order vacating the previous visitation order and remand this case for a hearing on whether "special circumstances" warrant an order granting visitation under the common law.  Kuba cites 
In re Marriage of Sullivan
, 342 Ill. App. 3d 560 (2003), in support of her argument.  In 
Sullivan
, the Second District found that a divorced father retained a common law right to petition the court to allow his family to visit with his son while he was serving active military duty despite the unconstitutionality of the grandparent visitation statute.  
Sullivan
, 342 Ill. App. 3d 560.  In so ruling, the 
Sullivan
 court distinguished the facts before it from those in 
Wickham
 on the basis that the 
Sullivan
 petitioner 
was the child's father, rather than a grandparent.  
Sullivan
, 342 Ill. App. 3d at 565.  The court explained:  

"As such, unlike 
Wickham
, this case does not involve a judge deciding what is in the best interest of a child between a fit parent and a nonparent. [Citation.]  Instead, this case involves the trial court's weighing of the wishes of two fit parents to determine what is in the child's best interests."  
Sullivan
, 342 Ill. App. 3d at 565. 

The court noted that it had authority to make that determination pursuant to section 607(c) of the Act (750 ILCS 5/607(c) (West 2002)).  
Sullivan
, 342 Ill. App. 3d at 565.  We find that 
Sullivan
 lends little support to Kuba's argument because the court considered significantly different facts, and 
Sullivan
 was decided upon a section of the Act that is different from that considered in this appeal.      

We 
further note that 
Sullivan
 failed to acknowledge the Third District's previous rejection of the argument that a grandparent retained a common law right to visitation in 
Langman v. Langman
, 325 Ill. App. 3d 101 (2001), 
appeal allowed
, 196 Ill. 2d 544 (2001), 
aff'd
, 
Wickham v. Byrne
, 199 Ill. 2d 309 (2002).  
In 
Langman
, the mother appealed from an order granting visitation to the parents of her deceased husband, arguing that the grandparent visitation statute was unconstitutional as applied under the circumstances.  
Langman
, 325 Ill. App. 3d at 104-05.  The grandparents argued, 
inter alia
, that even if the statute was unconstitutional, the visitation order was authorized under Illinois common law.  
Langman
, 325 Ill. App. 3d at 107.  The appellate court held that the statute was unconstitutional as applied; and, further, that recognition of a common law right of a grandparent to seek visitation over the wish of a fit parent was in direct conflict with a fit parent's constitutionally protected right to make decisions regarding the best interest of his or her child, as discussed in 
Troxel v. Granville
, 530 U.S. 57, 68, 147 L.Ed. 2d 49, 58, 120 S.Ct. 2054, 2061 (2000).  See 
Langman
, 325 Ill. App. 3d at 108.
  Accordingly, the 
Langman
 court reversed the trial court's order granting grandparent visitation rights. 

We recognize that the Third District has recently found that a common law right to petition for grandparent visitation exists.  
In re M.M.D.
, 344 Ill. App. 3d 345 (2003), 
appeal allowed
, 207 Ill. 2d 604 (2004).  We, however, are not persuaded by the majority's reasoning in 
that decision and, thus, decline to follow it.  In 
M.M.D.
, the majority upheld the trial court's denial of a parent's petition to terminate a previous order granting grandparent visitation on the basis that "the unconstitutionality of subsections 607(b)(1) and (b)(3) does not void the [grandparents'] visitation rights as a matter of law."  
M.M.D.
, 344 Ill. App. 3d at 349.  We note that while the 
M.M.D.
 court recognized that the Third District 
had explicitly determined that an existing visitation order would not be authorized, by default, under common law principles in 
Langman
, it nevertheless failed to reconcile its holding with its previous 
decision.  See 
M.M.D.
, 344 Ill. App. 3d at 347.  We are compelled by Justice Slater's dissent, in which he aptly summarizes the fatal flaw in the majority's reasoning:

"Surely, the majority is not suggesting that the courts may, under the guise of common law, do what has been explicitly disallowed by 
Wickham
?  The visitation agreement in this case was entered into based on a void statute and is therefore also void.  It infringes on [the parent's] fundamental right to raise his child and cannot be retroactively legitimized by reliance on resurrected common law principles."  
M.M.D.
, 344 Ill. App. 3d at 349 (Slater, J., dissenting).

We find that the parties' visitation order is invalid as it is based on an unconstitutional statute.  Therefore, we affirm the trial court's order. 

Affirmed.

QUINN, P.J., and HARTMAN, J., concur.